JUDGE HARDIN
delivered the opinion oe the court.
Alfred W. Titherington owning in remainder, subject to a life-estate of Elizabeth Titherington, as devisee of Adam Titherington, deceased, a tract of about two hundred acres of land in Christian County, on the 4th day of November, 1863, executed and acknowledged béfore *194 the clerk of the Crittenden County Court a deed of conveyance to his brother, R. M. Titherington, embracing his interest in the land and certain other property, for the expressed consideration of eight thousand dollars.
Said deed, being left with the clerk before whom it was acknowledged, to be stamped before its transmission to Christian County for record, was, as it appears, owing to some negligence, allowed to remain in the Crittenden County clerk’s office until October, 1865, when, R. M. Titherington having died, his widow took it to Christian County and had it recorded. In the mean time Elizabeth Titherington, the tenant for life, had died, and the appellants, Stephen Bennett and Ann B. Bennett, his wife, being in possession of the land,' said Alfred W. Titherington, assuming that he was still the owner of the land, sold it to said Ann B. Bennett for the price of $3,600, payable as follows: $500 down; $700 on the 25th of December, 1865; $1,200 on the 25th of December, 1866, and $1,200 on the 25th of December, 1867, and executed and delivered his bond to Mrs. Bennett for a conveyance of the land, dated the 8th day of August, 1865.
Afterward A. ’W. Titherington, who had moved to the state of Missouri, by an attorney, in fact, made a conveyance of the land to Mrs. Bennett, dated the 21st of June, 1866, and reserving a lien for the unpaid purchase-money, only the first payment of $500 having been made.
The appellees, the widow and heirs of R: M. Titherington, deceased, brought this action by ordinary petition against Bennett and wife to eject them from the land and recover rents and damages for its detention. The defendants answered the petition, controverting the alleged wrongful occupation and detention of the land, and setting forth their purchase and partial payment to A. W. Titherington, and Ms bond and deed to Mrs. Bennett, and that *195 they were made to and accepted by her without notice of the previous conveyance to R. M. Titherington, which, not having been recorded within the time prescribed by law for admitting deeds to record, ought not, as they allege, to be regarded as a recorded muniment of title. As innocent purchasers, let into possession without notice of the plaintiffs’ deed, they claimed priority of right, and prayed to be allowed to keep the land and have their title and possession quieted; and on these grounds they resisted the plaintiffs’ claim to any recovery, except to be substituted to the rights of A. "W\ Titherington, and have the benefit of the lien preserved in his deed to Mrs. Bennett. But if mistaken in this, they still claimed priority of right over the plaintiffs as to the $500 paid to A. W. Titherington, and a lien on the laud for its payment; and, alleging that A. ~W. Titherington was insolvent as well as a nonresident, they made their answer a cross-petition against him, and asked an adjudication of their claims in equity.
The defendants, on filing their answer, moved the court to transfer the cause to the equity docket, which motion the court overruled, and the order was excepted to by the defendants. An ordinary trial of the case afterward resulted in a verdict and judgment for the plaintiffs; and the court having refused to grant a new trial, Bennett and wife have appealed to this court.
The court on the trial instructed the jury, in effect, that unless they believed from the evidence that the deed from A. V. Titherington to R. M. Titherington was made with intent to defraud the creditors of A. W. Titherington, they should find for the plaintiffs, notwithstanding the failure to record, or lodge the deed for record, in Christian County, and whether Mrs. Bennett purchased the land and paid part of the consideration without notice of the previous sale and conveyance or not.
*196 This appeal involves an inquiry as to the propriety of the action of the court, both in overruling the motion to transfer the cause to the equity side of the docket and in instructing the jury.
The suit having been properly commenced by ordinary proceedings, and the answer containing denials constituting a legal defense, the appellants were not entitled to have the entire action transferred to the equity docket for trial; although, if the matter alleged as constituting an equitable defense was exclusively so, and sufficient to form an issue, they had a right to have that issue tried in equity. (Civil Code, sec. 10, Smith v. Moberly and wife, 15 B. Mon. 70.)
But it is insisted for the appellants that said instruction of the court was erroneous because the deed to B. M. Titherington, not having been legally lodged for record within eight months from its date, was void as to the appellants, whose purchase was made after the expiration of that time, provided they so purchased for a valuable consideration without notice of said deed. This we have no doubt would have been the consequence of the failure to lodge the deed for record in proper time, according to section 15, chapter 24, Revised Statutes, if the appellants had not only made their contract of'purchase, but paid the entire consideration, and received a conveyance -without notice of the previous deed, and before it was lodged for record. But, as we construe the provisions of the statute regulating conveyances, the deed, although not lodged for record within eight months from its date, was valid as against the appellants from the time "it was so lodged at least, except as to an equity in the appellants for the five hundred dollars, which it appears they paid to A. W. Titherington under their executory contract.
And although we are of the opinion that the answer *197 presented a sufficient equitable defense so far as it set forth, the contract and payment of the five hundred dollars, without actual or legal notice of the sale or conveyance to R. M. Titherington, and sought the enforcement of a lien for the money so paid before the defendants could be evicted; yet, as on the trial of an ordinary issue, a mere equity, however clear and incontestable, will not prevail against the legal title (Gilpin v. Davis, 2 Bibb, 416), the instruction which the court gave, considered alone with reference to the issue which it was appropriate for the jury to try, was not erroneous.
It does not appear that the appellants asked or desired a postponement of the case for further preparation as to the equitable matters set up in their answer; and it is to be presumed that the court, in rendering the judgment, passed upon the whole case presented by the pleadings and evidence; and as. it was conclusively proved that Stephen Bennett was fully informed of the sale and conveyance to R. M. Titherington before the execution of the bond to his wife, or the payment by her of any part of the consideration of her purchase, we are of the opinion that, through the relation existing between herself and husband, she was legally affected with the notice which he had received of the previous sale and conveyance; and this being so, the court properly rendered the judgment for the plaintiffs.
Wherefore the judgment is affirmed.