CASE 11—EQUITY—FEBRUARY 2, 1882.

# Harreld . v. Howard.

APPEAL FROM BUTLER COURT OF COMMON PLEAS.

## Same v. Same.

APPEAL FROM BUTLER CIRCUIT COURT.

1. The defense of appellant in the Butler court of common pleas was purely equitable. Having moved to transfer to equity, and appellee filing his affidavit that his claim was endangered, &c., it was appellant's duty to execute the bond required by the Code, or judgment must be rendered against him.
2. But it was error for the Butler circuit court to dismiss the answer and cross-petition of appellant, on the ground that the original petition was not delivered to the clerk of that court as part of the record. It was proper, after the transfer, to take cognizance of the cross-petition, regardless of the original petition.

B. L. D. GUFFY AND WM. WAND FOR APPELLANT.

Inasmuch as appellant's cross-petition disclosed an equitable cause of action against appellee, it was the duty of the circuit court to take cognizance of it (Civil Code), although the original petition was not transferred with it. (Civil Code, sec. 372.)

L. SMITH FOR APPELLEE.

The order transferring the answer and cross-petition was made upon appellant's motion, and he cannot complain of it. The 17th section, Civil Code, prohibits the chancellor from interfering with ordinary judgments. (Civil Code, secs. 12, 14; 9 Bush, 544; McArthur v. Godder, 12 Ib., 279; 8 Ib., 402; 1 Ib., 331; Drake v. Bedinger, Snead's Rep., 188.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant on a note for $338.65 in the common pleas court, and the latter pleaded an exclusively equitable defense to the action, and moved to transfer the cause to equity.

Upon that motion the appellee filed his affidavit, setting forth the belief that he would succeed in the action, and

that the collection of his claim, after judgment, would be endangered by the delay arising from the transfer of the cause.

And the appellant having failed to execute the bond required by the 14th section of the Civil Code, his motion to transfer was overruled.

He then moved to transfer his answer and cross-petition to the circuit court, which had equity jurisdiction, and his motion was sustained.

This action, upon his part, was equivalent to withdrawing his answer and defense to the appellee's suit on the note, as by making such a motion he could not carry the case out of the common pleas court, and prevent the operation of the rule prescribed by the 14th section of the Code; but he could thereby secure a trial and disposition of his defense by an equitable tribunal, although he was compelled to submit to an adverse ruling on the motion to transfer, because of his inability to give the required bond. Had he let his answer remain where it was when his motion to transfer was overruled, no judgment could have been rendered against him until the issue presented by it was disposed of, because he had the right to rely upon an equitable defense, and having made the motion to transfer the case to equity, no trial of the action, or judgment by default, could have been had, as is contemplated by the 3d subsection of section 10 of the present Civil Code. (Petty v. Malier, &c., 15 B. M., 604–5; Frazer, &c., v. Naylor, &c., 1 Met., 596.)

By these authorities, and the terms of said subsection and section 13, which is not found in the Code of 1854, this conclusion is made inevitable; but the appellant, by his own action, made it the duty of the court to render judg-

ment by default against him, and he cannot now be heard to complain of that which he voluntarily permitted.

The judgment of the common pleas court is therefore affirmed; but the action of the circuit court in dismissing the answer and cross-petition, because the original petition was not also delivered to the clerk of that court as part of the papers of the action, is, we think, erroneous. Section 13 (Code) provides that in counties wherein the jurisdiction of circuit courts is vested in different courts, the provisions of Title II, concerning transfers to the proper docket, apply to transfers to the proper court, and we must, therefore, consider the question before us as if the motion were made in the circuit court to transfer the case to the equity docket.

By subsection 2 of that section this language is used: "Upon an order for the transfer of an action from one court to another, the papers in the action, and a copy of the order, shall be delivered by the clerk of the court which makes the order to the clerk of the court to which the action is transferred; and it shall proceed as if it had been brought in the latter court."

The appellant's answer and cross-petition alleged a mistake in the execution of the note, which was given to equalize the capital paid into a partnership firm, composed of the appellant, appellee, and T. C. Carson; and that, upon a settlement of the partnership, the appellee would be shown to owe him more than the amount of the note. The allegations elaborate this defense, which is essentially a counter-claim.

In the case of Geoghegan, &c., v. Ditto, &c., 2 Met., 438, this court held that an equitable issue might and should be transferred to the equity docket, leaving the claim

for damages for trespass to be tried by a jury in the ordinary action.

And speaking of set-offs, counter-claims, and cross-petitions, it is said in Newman on Pleading, 618, that "they each differ in some respects from the other, yet they are substantially the same kind of pleading," and "each of them *is a cross-action* in favor of the defendants," &c.   (See subsection 34, section 732, Civil Code, construed in Warfield v. Gardner, MS. opinion, December, 1881.)   While formerly the dismissal of the original action carried the set-off with it (8 B. M., 287), the present Code, as well as the Code of 1854, entitles a defendant to a trial of a set-off or counter-claim, although the plaintiff dismiss his action or fail to appear.

As a severance of the legal and equitable issues—the legal triable by jury and the equitable by the chancellor—is authorized by authority, and a counter-claim is, in every essential, an action, as much so as a cross-petition or cross-bill in equity, and can be tried, although the original action be dismissed, we perceive no necessity for the delivery by the clerk of the common pleas court of the original petition as part of "the papers in the action," to the clerk of the circuit court, when the action and equitable issue transferred to it is fully and legally alleged in the answer and cross-petition, and can be intelligently and legally tried in the absence of plaintiff's action.

Therefore, the judgment of the circuit court is reversed, and cause remanded for proper proceedings.