CASE 18—PETITION EQUITY—MARCH 13.

# Cook's Administrator v. Brannin, Brand & Glover.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. LIENS.—Where A advances money to B with which to buy tobacco, B agreeing to ship the tobacco to A, who is to have a lien thereon to secure his advancements, and the tobacco is purchased with the money thus advanced, there arises an inchoate lien on the tobacco in favor

Cook's Administrator v. Brannin, Brand & Glover.

of A from the moment of its purchase, and this lien becomes complete by the delivery of the tobacco to A; but such lien will not prevail as against the intervening equities of third persons.

In this case, B having died insolvent without having delivered the tobacco to A, the right of the other creditors to have the whole estate, including the tobacco, prorated equally among all the creditors intervened, and, therefore, the incipient lien in favor of A can not prevail against that right, although the administrator of B has delivered the tobacco to A since his intestate's death. ·

2. DECEDENTS' ESTATES.—The right of the creditors of an insolvent estate to have the estate equally prorated among themselves attaches upon the death of the decedent, which right is subject only to the payment of funeral and administration expenses, and any prior equitable lien upon the estate.

G. W. WILLIAMS & SON FOR APPELLANT.

Under an agreement to buy tobacco with funds advanced, and to ship the tobacco to the person making the advances, and out of which he is to be reimbursed, no lien for such advances is completed until a purchase and delivery of the tobacco; and there can be no perfecting of the lien if the person to whom advances are made dies before delivery of the tobacco to the person making the advances. (Harrison v. Hobbs, 1 Bibb, 12; Ross v. Wilson, 7 Bush, 32; Hutchinson v. Ford, 9 Bush, 319; Vincent v. Hallowell, 10 Bush, 538; Brooks, Waterfield & Co. v. Staton's Adm'r, 79 Ky., 174.)

WM. LINDSAY AND W. N. SWEENEY & SON FOR APPELLEES.

The inchoate lien of appellees on the tobacco for advances was perfected by delivery to them of the tobacco, by the administrator, in pursuance to the agreement made with the decedent. (Story's Equity Jur., sec. 506; Real v. Gaillard, 2 Am. Dec., 696; Hobson v. Emery, 6 Ky. Law Rep., 587; Brooks, Waterfield & Co. v. Staton's Adm'r, 79 Ky., 174; Roach v. Ames, 80 Ky., 6.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant, W. H. Murphy, as the administrator of S. C. Cook, brought his action in the Daviess Circuit Court to settle the estate of his intestate, Cook, as an insolvent estate. The appellees, as creditors of the estate, together with others, were made defendants to this action.

The appellant having received a lot of tobacco as a

part of the personal estate of his intestate, he prized
the same, and after the institution of his action he
shipped the same to the appellees, as commission mer-
chants, dealing in leaf tobacco, in the city of Louis-
ville, to be sold. After the sale of the tobacco by the
appellees they filed an answer, in which they stated
that S. C. Cook, in his life-time, as a local dealer in
leaf tobacco in the town of Delaware, Daviess county,
Ky., made an arrangement with them, by which they
were to advance him money with which to buy tobacco,
which he was to ship to them in the city of Louis-
ville to be sold, and out of the proceeds of sale they
were to retain the amount of advancements and interest
thereon and commissions; that the tobacco shipped
to them by the appellant was bought by S. C. Cook
with money advanced to him by the appellees, upon
which, according to the agreement with Cook, they
had a lien to secure them in their advancements, which
amounted to two thousand six hundred and twenty-
one dollars and sixteen cents, besides two hundred and
seventy-five dollars advanced to the appellant to en-
able him to prize the tobacco and ship it, and eleven
dollars and twenty-five cents insurance premium on the
tobacco; that the appellant having shipped the tobacco
to them pursuant to the agreement with Cook, they
had a lien on the same to secure said sums. The lower
court having sustained the appellee's contention, the
appellant has appealed to this court.

The sum of two hundred and seventy-five dollars,
advanced to the appellant to prepare the tobacco for
market, and the sum of eleven dollars and twenty-five
cents paid for insurance, were reasonable expenses

incurred for the benefit of the estate, and the lower court · did right in allowing the appellees to retain these sums out of the proceeds of the tobacco.

While the depositions of the appellees proving the agreement with Cook in reference to their advancements of money to him with which to buy the tobacco were incompetent, and were, therefore, properly excluded, yet, from the other facts in the record, it is fairly established that the appellees did have an agreement with Cook to advance him money with which to buy tobacco, and that the same was to be shipped to them for sale, and out of the proceeds they were to retain their advancements and commissions, and that they were to have a lien on the tobacco thus purchased and shipped to secure their advancements and interest, and that the tobacco on hand, at the time of Cook's death, and which was thereafter shipped to the appellees by the appellant, was purchased with money advanced to Cook by the appellees. But the evidence as to whether the appellant shipped the tobacco to the appellees pursuant to their agreement with Cook is contradictory. It may be assumed, however, for the purposes of this investigation, that the tobacco was shipped pursuant to said agreement.

This court, in the case of Brooks, Waterfield & Co. v. Staton's Adm'r, &c., 79 Ky., 174, decided that Brooks, Waterfield & Co., having advanced money to Staton with which to buy tobacco, with the agreement that Staton was to ship the tobacco to them, upon which they were to have a lien to secure their advancements, and the tobacco having been purchased by Staton with the money thus advanced, and delivered to them, there

arose an inchoate lien on the tobacco from the moment
of its purchase in their favor, which became complete
by the delivery of the tobacco to them ; but such lien
would not prevail as against the intervening equities
of third persons.   This court, in the case of Hoffman v.
Brungs, 83 Ky., 400, recognized the doctrine of Brooks,
Waterfield & Co. v. Staton, but held that the doctrine
of that case did not apply to a case where the com-
modity was not actually delivered pursuant to the agree-
ment.

S. C. Cook having died insolvent, the question to be
determined is, whether the shipment of the tobacco
to the appellee, for the purpose of sale, conceding that
it was shipped pursuant to the agreement with Cook,
perfected the appellees' lien on the tobacco as against
the rights of Cook's other creditors.

Section 33, article 2, chapter 39, of the General Stat-
utes, provides, in substance, that if the estate of a
deceased person is insolvent, the same, after satisfying
certain expenses and prior liens, shall be equally pro-
rated among the creditors of the decedent.   The admin-
istrator, as the representative of the decedent, holds
such estate in trust for these purposes.   The right of
the creditors of an insolvent estate to have the estate
equally prorated among themselves attaches upon the
death of the decedent, which right is subject only to
the payment of the funeral and administration ex-
penses, and any prior enforceable lien upon the estate.

According to the doctrine of the Brooks, Water-
field & Co. case, the appellees' lien upon the tobacco,
at the death of Cook, was not complete ; it was only
incipient—begun, but not completed ; therefore, not

enforceable as against the intervening rights of third persons. The right of the other creditors to have the whole estate—including the tobacco—prorated equally among all the creditors having intervened, it follows, as a logical sequence, that the incipient lien in favor of the appellees can not prevail against that right. For, suppose the appellant had never delivered the tobacco to the appellees, and they had come into court asserting a lien on the tobacco as against the right of the creditors to a pro rata distribution, would it be contended that their lien should prevail? Would not the response of the chancellor, that your lien never having been completed, the statutory right of the other creditors to have a pro rata distribution of the estate having attached upon the death of Cook, constitutes an intervening equity that your incipient lien can not overreach, be all-sufficient? We think so. Therefore, as the creditors of Cook, upon his death, acquired the right, under the statute, to have his estate, including the tobacco, equally prorated among them, and as this right was superior to the appellees' enchoate lien, it seems clear that to allow the administrator to breathe life into the appellees' otherwise unenforceable lien as against the other creditors, by delivering to the appellees the tobacco, in order to perfect their lien as against the statutory rights of the other creditors, would be in direct violation of his trust, which a court of equity would not uphold ; but having the parties and the proceeds of the tobacco before it for the purpose of determining how the proceeds should be applied, would direct them to be prorated among all the creditors.

The judgment of the circuit court allowing the ap-

pellees to retain two thousand six hundred and twenty-one dollars and sixteen cents, the proceeds of the tobacco, is reversed, and the case is remanded with directions to compel the appellees to pay the same into court for the purpose of being prorated among all the creditors.