CASE 94—PETITION ORDINARY—MARCH 1.

# Herrman v. Whitescarver's Adm'r.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. SALES OF PERSONAL PROPERTY—PASSING OF TITLE—LIEN FOR AD-
VANCES.—When, according to a contract of sale, there is any thing to
be done to personal property by the seller to put it in that state in
which the purchaser is bound to accept, or where any thing remains
to be done, for the purpose of ascertaining the price, the perform-
ance of these things is a condition precedent to the transfer or vest-
ing of the property.

Where, by the terms of a contract for the sale of standing timber,
it was to be cut into logs of specified dimensions, free from described
defects, and to be rafted in a certain manner and delivered at a fixed
place, and the seller died without any of these things having been
done or ascertained, the purchaser was not bound to accept, and,
consequently, the property had not vested in him. And a provision
in the contract giving the purchaser the right, in case of the death
of the seller, to remove sufficient amount of timber to cover ad-
vances made, gave him, at most, but a lien for advances.

2. MISTAKE IN FORM OF ACTION.—In an ordinary action to recover the
possession of personal property, the plaintiff can not enforce a lien
upon the property, without an amendment to his petition, asking
that relief, and a transfer to the equity docket.

G. W. WILLIAMS AND SON FOR APPELLANT.

1. The appellant's title and *possession* were rightful and legal, under the
terms of the contract of December 10, 1886, when appellee took
possession of the logs at Glenn's bridge, and the possession was
rightfully resumed by appellant, under the order of delivery in this
action.

The contract conferred upon appellant the right to take and hold
the logs, in case of Whitescarver's death. This was not an "in-
cipient" right or lien, as in the case of Cook's Adm'r v. Brannin,
&c., 9 Ky. Law Rep., 957; but was a complete contract right.
(Brooks, &c., v. Staton's Adm'r, 79 Ky., 174; Benjamin on Sales, 3d
ed., pp. 94–98; *Idem*, p. 322, sec. 309, and notes thereto; Hoffman
v. Brungs, 83 Ky.)

2. The rightful possession of personal property, especially when coupled
with an interest therein, is such a title as will support this action.
(1 Chitty's Pleading, side pages 159, 160, 161; 2 Parsons on Con-
tracts, p. 110, and note *u*.)

There are Kentucky authorities to the effect that the mortgagee of chattels, even in possession, can not maintain replevin against an officer levying on the property under legal process; but this is upon the distinct idea that, under our statutes, the mortgagor's interest was subject to levy and seizure, and the possession was to be taken by the officer levying on it. (McIsaacs v. Hobbs, 8 Dana, 269; Dillon v. Wright, 7 J. J. Mar., 10; Squires v. Smith, 10 B. M., 35.)

3. The appellant was, at least, entitled to a lien; and, as the facts on which the lien rested were presented in the pleadings, evidence and findings of the court as fully as they could have been presented in a court of equity, it was the duty of the court to adjudge that the lien existed. (Civil Code, sec. 8; Fraley v. Peters, 12 Bush, 469; Whitlock v. Ledford, 82 Ky., 390.)

SAME COUNSEL IN PETITION FOR REHEARING.

An amended petition was not necessary to authorize the court to enforce the lien of appellant. The claim of title to the logs was broad enough to cover the claim of *lien*. But even if not, the contract, evidencing appellant's lien on the timber, was brought into the case by the answer of appellees, which may be resorted to, in order to supply the defects of the plaintiff's pleadings.

It is immaterial that no motion was made to transfer to equity. It was the duty of the court to render such judgment as was warranted by the pleadings and evidence, without regard to the docket on which the case stood. (Civil Code, sec. 8, and subsec. 3 of sec. 10; Lounsdale v. Mitchell, 14 B. M., 281; Frazer v. Nalor, 1 Met., 594; Fraley v. Peters. 12 Bush, 469.)

WEIR, WEIR & WALKER FOR APPELLEE.

1. The title to the logs was in Whitescarver at the time of his death, and, therefore, passed to his administrator; and the logs, being personal property, immediately underwent a "statutory sequestration," and no creditor had any right to subject or interfere with them. (Cook's Adm'r v. Brannin, Brand & Glover, 9 Ky. Law Rep., 955.)

The fact that appellant had advanced money to Whitescarver for the logs to be delivered him, gave him neither title to nor a lien upon said logs. (Jennings v. Flannagan, 5 Dana, 217; Allen v. Shortridge, 1 Duvall, 36.)

The stipulation that if Whitescarver should die, appellant should have the right to take enough timber to pay for advancements, did not give him any right to the timber, unless the title vested in him at the time of the agreement; and, as it was dependent on the happening of a contingency—Whitescarver's death—the title did not pass. (Harrison v. Hobbs, 1 Bibb, 153.)

Giving to the contract the broadest construction, appellant had

only a lien, which did not give him the right to take possession of the property.

2. This is a controversy between Whitescarver's administrator, representing all the creditors of Whitescarver, who died insolvent, and appellant, who claims the logs as his own; in such a case, appellant has not even a lien for advancements, the contract not being recorded. (Barney & Smith Manufacturing Co. v. Hart, 8 Ky. Law Rep., 223; Roach, &c., v. Ames, 80 Ky., 6.)

3. In sales of personal property, when any thing remains to be done by the seller, such as to ascertain quantity or price, and there is no stipulation for passing the title before that is done, the title remains with the seller. (Newcomb v. Cabell, 10 Bush, 468; Crawford v. Smith, 7 Dana, 60.).

Here there was simply a sale of the timber on certain land; and, as the trees were not marked or designated so as to identify them, no title passed to appellant. (Moss v. Meshew, 8 Bush, 189.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought by appellant to recover of appellee, administrator of the estate of J. F. Whitescarver, possession of a raft of saw-logs.

It appears from finding of facts by the court, trial by jury having been waived, that December 2, 1886, Whitescarver purchased of A. Settle certain standing timber, to be cut, measured and paid for before removal from the land; and December 10, 1886, Whitescarver entered into a written contract with appellant, in substance as follows: That J. F. Whitescarver * has sold to H. Herrman the poplar, ash, gum and walnut timber on the land of A. Settle, * which he agrees to cut, haul and deliver to * Herrman, at Evansville, Indiana, on or before May 1, 1887, in such length and diameter, at prices as below mentioned; to be received at mouth of Green river, less cost of towage, and measured, Evansville log rule, on or about time of delivery, by H. Herrman; * said logs to be new, sound and straight, and free of shakes, hollows, large or unsound

knots, and other defects, and of the dimensions of 12, 14 and 16 feet long, and to be well-rafted, and no wedge pins used in rafting ; and should either party, by death or otherwise, fail to comply with the within contract, H. Herrman to have the right to move sufficient amount of timber to cover the amount of money so advanced. In consideration of said sale and delivery of said logs, said H. Herrmann promises and agrees to pay said Whitescarver, when said logs are delivered, the following prices," &c.

The number of logs of each kind of timber agreed to be received of the dimensions mentioned is also set out in the contract.    Whitescarver received two hundred and eighty-three dollars and twenty-five cents advanced, but died in January, 1887, before any of the logs were delivered or rafted, and not long thereafter appellant removed the logs in contest from the land where they had been cut, and rafted them.    But appellee, who had been appointed administrator before they were removed by appellant, took possession of, claiming title to, the raft, and, adding other logs, carried it down the stream in which it was to Green river.    And, thereupon, this action was instituted by appellant ; and, under an order of delivery, possession being acquired by him, he took them to Evansville, where they were worth, at the contract price, two hundred and forty-one dollars and fifty cents.

Appellant's right of recovery in this action depends upon whether he had, under the contract, acquired title to the logs prior to death of Whitescarver, for the only claim set up, or remedy sought, in his petition, is the possession.

It is well settled that when, according to a contract of sale, there is any thing to be done to personal property by the seller to put it in that state in which the purchaser is bound to accept, or when any thing remains to be done for the purpose of ascertaining the price, as by weighing, measuring or testing the property, when the price is to depend upon the quantity or quality of it, the performance of these things is a condition precedent to the transfer or vesting of the property. (Benjamin on Sales, §319.)

By the terms of the contract in this case, the logs were to be of certain kinds of timber, of specified dimensions, free from defects described, and to be rafted in a certain manner and delivered at a fixed place ; and as none of these things had been done or ascertained previous to the death of the seller, the purchaser was not bound to accept, and, consequently, the property had not vested in him.

It is true the contract contains a provision that in case of the death of the seller, or failure to comply with it, the purchaser was to have the right to remove sufficient amount of timber to cover advances made. But we do not think that provision did, or was intended to, vest such title in the purchaser as to enable him to take possession after appointment of the administrator, or at any other time, of his own will. It served, at most, only to create a lien on the timber to pay the amount advanced ; but whether it comes under the rule in Brooks, Waterfield & Co. v. Staton, 79 Ky., 174, and Cook's Adm'r v. Brannin, Brand & Glover, 87 Ky., 101, and, in the language there used, created merely an inchoate lien,

not enforceable against intervening rights of others, it is not necessary to decide, for no lien is in this case asserted or asked by appellant to be enforced. It is true section 8, Civil Code, provides that an error of the plaintiff as to the form of action shall not be cause for abandonment or dismissal of an action, but merely for a change into the proper proceedings by an amendment of the pleadings and a transfer of the action to the proper docket; but in this case there was no amendment of the pleadings, nor motion to transfer; consequently, the only issue to be tried or presented by the pleadings was, whether appellant had the legal title to, and was entitled to recover possession of, the logs, and upon that issue the law and facts were, we think, properly decided by the lower court, and the judgment must be affirmed.

*CASE 95—PETITION ORDINARY—DECEMBER 4, 1883.