## Hodge Tobacco Company v. Whaley.

(Decided November 19, 1915.)

### Appeal from Lyon Circuit Court.

1. Trial—Verdict.—The verdict of a jury will not be set aside because it is not sustained by the evidence, unless it is clearly and palpably against the weight of the evidence.

2. Pleading—Amendment—Appeal and Error.—The permission to file an amended pleading is a matter within the sound discretion of the court, to be judicially and not arbitrarily exercised, and upon appeal, the decision of the trial court permitting the filing of the amendment will not be disturbed, unless the court abused its discretion in allowing the filing, and injustice has resulted from it.

WHEELER & HUGHES for appellant.

UTLEY & UTLEY for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This was an action in the Lyon Circuit Court by the appellee, D. W. Whaley, against the appellant, Hodge Tobacco Company, in which he sought to recover from it in his petition the sum of $1,500. He alleged that about the 10th day of December, 1913, he and the appellant entered into a contract, by which it was agreed that he would purchase tobacco for appellant in Lyon county, Kentucky, and surrounding counties, and would receive the tobacco for it at Kuttawa, at which point he would superintend the loading of the tobacco into cars from the wagons and cause same to be shipped to appellant at Paducah, and for these services the appellant was to pay him thirty-five cents on each one hundred pounds of tobacco so purchased and shipped to the appellant, and thereafter, about the last of December, he and appellant made another contract, by which they annulled the former one, and by this last contract it was agreed that he was to purchase tobacco for the appellant as stated above and receive it at Kuttawa, where it was to be placed in a warehouse furnished by him, and that he should there class and prize the tobacco into light-weight hogsheads, which he should cause to be shipped by the railroad to appellant at Paducah, and in consideration of these services the appellant was to pay him thirty-five cents for each one hundred pounds of tobacco for his personal services in buying and receiving the tobacco, and in addition to that, the appellant agreed to pay him such a sum, by way of commissions, as would reasonably compensate him for the additional labors required of him under the new contract, and as would fully repay him the actual expenses that he would necessarily be put to for wages paid to laborers, cooperage, and drayage, and that the sum of twenty-five cents per each hundred pounds for the tobacco bought and handled by him for the appellant would be a reasonable sum for the additional labors and expenses incurred by him under the contract; that he bought and shipped to appellant under this arrangement 518,000 pounds of tobacco.

The appellant, by answer, denied the making of the contract, as alleged by appellee, about the 10th day of December, but alleged that it did make a contract, in which it agreed to buy tobacco from appellee at certain prices and was not to pay him any commission for his services, but that about the last of December they entered into a contract, by which the appellee agreed to

buy and ship tobacco as the agent for appellant, and that in consideration of appellee's services in so doing, it agreed to pay him thirty-five cents per hundred pounds for all the tobacco that he would buy and ship to it, and in addition to that would pay one-half of the cost of drayage required in moving the tobacco from the warehouse in Kuttawa to the depot, and would furnish the materials necessary out of which to make the hogsheads, and appellee was to receive the tobacco in a warehouse provided by him, class and prize the same, and put it upon cars at Kuttawa, consigned to the appellant, and that it had paid him all that it owed him under said contract, and denied the making of the contract as alleged by the appellee in his petition. By way of counter-claim it plead that the appellee had converted to his own use $834.50 of tobacco, which he had bought for it and for which it had paid, and asked a judgment against him for $834.50. The affirmative allegations in the answer, counter-claim and set-off were controverted by reply.

Thereafter, when the case came on for trial, and after the jury had been empaneled, the appellee offered an amended petition, to the filing of which the appellant objected, when the court overruled its objection and permitted it to be filed, to which appellant excepted. By this amended petition the appellee alleged that under the contract, as set out in the petition, he purchased and shipped to the appellant 518,875 pounds of tobacco, and that appellant owed him by way of compensation for the services which he was to perform under the contract, over and above those agreed to be performed, for the sum of thirty-five cents per hundred pounds, the sum of $1,297.18, and that the cost of making the hogsheads was twenty-five cents per hogshead, and that he had caused to be made and shipped to the appellant three hundred and twenty-five hogsheads, which amounted to $81.25, and that the drayage in removing the tobacco from the warehouse to the depot amounted to $65.00, and prayed for a recovery against appellant of $1,443.00, instead of $1,500.00, as alleged in the original petition. By agreement of parties, affirmative allegations in the amended petition were agreed to be taken as controverted upon the record.

The trial resulted in a verdict by the jury in favor of appellee for the sum of $865.80, and a judgment was

rendered accordingly. The appellant having filed grounds for a new trial, entered a motion to set aside the verdict and judgment and grant it a new trial, which being overruled by the court, it appeals to this court.

The reasons insisted upon for the reversal of the judgment are:

First: That the verdict of the jury is not sustained by the evidence and shows on its face to be contrary to the evidence. Second: The court erred in permitting the appellee to file the amended petition.

The evidence given by the appellee and that of witnesses offered by him tended to sustain the claim made by him, and to disprove the counter-claim of the appellant, while the testimony of the witnesses offered by the appellant tended to sustain its counter-claim and to disprove the claim of appellee. There was conflicting evidence given and heard upon each necessary averment of the petition and amended petition and upon the necessary averments of the counter-claim. The instructions of the court submitted to the jury for its decision each of the issues of the case. There was sufficient evidence to support the verdict, if the jury believed the appellee and his witnesses. It was the province of the jury to determine the facts in the case, where the evidence is conflicting, and a verdict of the jury will not be set aside because it is not supported by the evidence or is not sustained by a sufficiency of the evidence, unless the verdict is clearly and palpably against the weight of the evidence. Bell v. Keach, 80 Ky., 42; L. & N. R. R. Co. v. Graves, 78 Ky., 74; McClain v. Esham, 17 B. Mon., 146; Thompson v. Thompson, 93 Ky., 435, and many others. It cannot be said that the verdict was contrary to the evidence in the case, or that it is not supported by the weight of the evidence.

Nothing prejudicial to the appellant arose from the filing of the amended petition. It did not set up any new cause of action, or any new claim, but simply made more definite some of the allegations of the petition with regard to the items of indebtedness for which recovery was sought. The petition alleged that the number of pounds of tobacco which had been purchased and shipped to appellant under the contract was 518,000, and the amendment corrects this and alleges that it was 518,875 pounds. The petition sought a recovery for the drayage and cooperage which appellee claimed that he

had paid and was entitled to recover under the contract, and the amendment stated the amount of the drayage and cooperage and the number of hogsheads built and the cost to him of having them built. The permission to file an amended pleading is a matter in the sound discretion of the court, which it may exercise in furtherance of justice, upon proper terms.

In the case of Mattingly v. Bank of Commerce of Owensboro, 21 R., 1029, the court said:

"The power of the trial court to allow amendments of pleadings in furtherance of justice is, under the Code, very broad. It is a judicial discretion and not to be exercised arbitrarily; but being a matter peculiarly within the discretion of the trial court, on appeal, his ruling will never be reversed, unless there has been an abuse of discretion by which injustice has been done."

This principle has been upheld in repeated decisions of this court. Title Guaranty Co. v. Com., 141 Ky., 570; Vaught v. Hogue, 107 S. W., 575; Staton v. Byron, 105 S. W., 928; Continental Casualty Co. v. Semple, 112 S. W., 1223. The reason stated in the amendment for its having been offered at that time was the mistake of appellee's attorney in drafting the petition. The appellant does not indicate any way in which it did or could have suffered injustice by the filing of the amendment, and there is no apparent way in which it could have suffered such, and the order permitting it to be filed was not prejudicial to its substantial rights.

The judgment is therefore affirmed.