## Jones v. Stearns.

(Decided March 28, 1924.)

## Appeal from Cumberland Circuit Court.

1.  Judgment—Trial—Equitable Defense Must be Disposed of Before Judgment can be Rendered, and Case should be Transferred to Equity.—Civil Code of Practice, sections 95, 113, permit, if they do not require, all defenses, equitable as well as legal, to be pleaded to an action at law, and, if an answer filed in an ordinary action contains a valid equitable defense, no judgment can be rendered until some disposition is made of the answer, and in such case the action should be transferred to equity, even without a motion therefor, if peculiarly of equitable cognizance.

2.  Judgment—Judgment for Plaintiff without Disposing of Equitable Defense Held Error.—In ejectment to recover strip of land, where defendant in his answer averred that a third party formerly owned both lots, that he sold defendant his lot, first and to the line where he set posts, and attempted to convey same to him up to that line, but, by mistake of the draftsman, the deed as written did not cover the strip in dispute, the court erred in rendering judgment for the plaintiff, where plaintiff introduced deeds and proof by himself that they covered the disputed strip, and then, calling defendant for cross-examination, made him admit that his deed as written did not cover the land in dispute, verdict then being directed for plaintiff without disposing of defendant's equitable defense.

3.  Boundaries—Subsequent Grantee of Grantor of Adjoining Lands with Notice of Mistake in Deed Estopped to Claim Benefit of Mistake.—Where owner of two lots sold one of them to defendant, but by mistake deed did not include all the land up to the fence, and later sold the other lot, which was supposed to extend only to the fence, and plaintiff purchased the lot last sold with knowledge that the fence was supposed to be the boundary line, plaintiff is estopped from asserting claim to land beyond the fence, though included in his deed.

4.  Ejectment—Complete Legal Defense that Deed Properly Located did Not Cover Disputed Strip.—Where plaintiff purchased a lot with a certain fence as boundary, but deed called for the line of the adjoining lot which had previously been sold by a common owner of both lots, it was a complete legal defense in an action of ejectment by the plaintiff against the adjoining lot owner to recover the strip beyond the fence that the plaintiff never bought or owned the strip, and that his deed, properly located, did not cover it.

TANNER OTTLEY for appellant.

C. R. HICKS and B. L. SIMPSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The parties own adjoining lots facing Main street in Burkesville, and owing to a dispute as to the location of the division line, each claims to own a triangular strip 10 feet wide at the street, running to a point at their rear corner about which there is no dispute. Jones set fence posts along the line as claimed by him, when Stearns filed this action in ejectment to recover possession of the strip of land and damages for its wrongful detention.

Jones filed answer, and after denying Stearns' alleged ownership and damages, averred in substance that Robert Richardson formerly owned both lots, that he sold defendant his lot first and to the line where he set the posts and attempted to convey same to him up to that line, but that by mistake of the draftsman the deed as written did not cover the strip of land in dispute; that thereafter Richardson sold the other lot to Sandidge, who sold same to Stearns, both deeds calling for his line, and that in each of these transactions the line now marked by the posts was pointed out on the ground by the seller to the purchaser, and is the one referred to in their deeds. A reply completed the issues.

At the trial, Stearns introduced the deeds referred to above, and proved by himself and another that as written his deed covered the land, but Jones' did not, and then calling Jones to the stand "for cross-examination" made him admit, as did his answer in effect, that his deed as written did not cover the land in dispute.

After reciting the evidence above outlined, the record continues:

"The plaintiff thereupon moved the court for a directed verdict. The defendant objected. The court on consideration sustained the motion, to which ruling of the court the defendant objected and excepted. The court thereupon gave the following instructions:

"No. 1. You will find for the plaintiff the land in controversy, to-wit: Beginning at the corner to C. B. Jones' lot; thence with his line and defendant's line, but in an easternly direction 350 feet; thence a straight line in a westernly direction about 350 feet at the pike, 10 feet S. W. of the begining corner; thence with said pike in northernly direction

10 feet to the beginning, and such damages as you believe from the evidence as he has sustained, not to exceed $100.00.

"To all of which at the time the defendant objected and excepted; his objection was overruled and said instruction given, to which he excepted.

"After the motion for a directed verdict was sustained and peremptory instructions given the court submitted to the jury the question of damages, to all of which the defendant objected and excepted."

Then follows testimony for both parties on the question of damages, and a verdict and judgment for Stearns, awarding him the land, $50.00 for its detention and costs.

One of the reasons assigned for reversal is, that the court erred in directing a verdict for plaintiff for the land; and as this was done at the conclusion of plaintiff's evidence over defendant's objection and exception, and before he had an opportunity to introduce any evidence in support of the averments of his answer, it is obvious the court erred if the answer, to which a demurrer was not filed, stated a defense.

Our code permits, if indeed it does not require, all defenses, equitable as well as legal, to be pleaded to an action at law (sections 95 and 113, Hackett v. Schad, 3 Bush 353); and if an answer filed in an ordinary action contains a valid equitable defense, no judgment can be rendered until some disposition is made of the answer, and in such case the action should be transferred to equity. Bosley v. Mattingly, 14 B. Mon. 89, Harreld v. Howard, 80 Ky. 51, 3 R. 554, and even without a motion therefor if peculiarly of equitable cognizance. Philadelphia V. & L. Co. v. Garrison, 160 Ky. 329, 169 S. W. 714.

Although defendant did not make Richardson a party or ask a reformation of his deed, his averments if proven would have sustained an action against him for such relief, and were also sufficient to estop Stearns, as his vendee with knowledge of the facts, from asserting claim to the land. Hence the answer presented at least an equitable defense, that ought to have been disposed of before judgment was rendered against him.

But the facts pleaded by him, if true, also showed plaintiff never bought or owned the land in dispute, and that his deed properly located did not cover it, and therefore constituted a complete legal defense.

The answer therefore contained both an equitable and a legal defense that should have been disposed of before judgment. Smith v. Moberly, 15 B. Mon. 70; Petty v. Malier, 15 B. Mon. 591; Geoghegan v. Ditto, 2 Metc. 433; Bennett v. Titherington, 6 Bush 192.

As the parties elected to try the legal issue by a jury first, as was their right, the court erred, upon the trial thereof, in directing a verdict for plaintiff at the conclusion of his evidence, and before defendant had an opportunity to introduce his evidence on that issue, as well as in entering a judgment against defendant without hearing or disposing of his equitable defense.

The judgment is therefore reversed, for proceedings consistent herewith.