## Fugate v. Walker.

(Decided October 10, 1924.)

### Appeal from Livingston Circuit Court.

1. Appeal and Error—Party, Asking that Deed be Declared Mortgage, Cannot Complain of Action of Court in so Declaring.—Defendant in ejectment, asking that deed be declared a mortgage, cannot complain of action of court declaring deed to be mortgage.

2. Trial—Court Properly Transferred Cause to Equity, when Cancellation of Instrument Asked by Defendant.—Where defendant in ejectment in set-off and counterclaim pleaded insanity and sought to have deed canceled, action was properly transferred to equity.

3. Pleading—Court did Not Abuse its Discretion in Permitting Amended Petition Seeking Enforcement of Mortgage in Ejectment Action.—In ejectment where defendant in set-off and counterclaim pleaded insanity, and sought to have deed to plaintiff canceled or declared mortgage, court did not abuse its discretion in permitting filing of amended petition seeking enforcement of mortgage, in view of Civil Code of Practice, section 8.

4. Continuance—Court Held Not to have Erred in Refusing Continuance After Plaintiff Completed Proof.—Where in ejectment interlocutory judgment declared plaintiff's deed a mortgage and he filed amended petition not alleging specifically whether enforcement of mortgage or interlocutory judgment was sought, refusal of continuance after plaintiff had completed proof, on theory that until then defendant did not know what his defense would be, held not prejudicial error.

5. **Pleading—Defense in Original Answer, when Denied, Need Not be Again Denied when Set up in Amended Answer.**—Plaintiff, having denied defense of insanity affirmatively pleaded in original answer, was not required to again deny same defense set up in amended answer.

6. **Insane Person—Adjudication of Insanity Only Prima Facie Evidence of that Condition at Subsequent Time.**—Adjudication of insanity is conclusive evidence of insanity existing at time of adjudication, but is only prima facie evidence of that condition existing at time of execution of subsequent conveyance.

CHARLES FERGUSON for appellant.

CHARLES H. WILSON for appellee.

OPINION OF THE COURT BY JUDGE O'NEAL—Affirming.

On August 7, 1922, appellee, H. D. Walker, instituted this action in ejectment against appellant, W. J. Fugate, seeking to recover possession of a described house and lot located in Grand Rivers, Livingston county, Kentucky, together with $200.00 damages for its wrongful detention and $120.00 accrued rent. He alleged that it was the same property conveyed to him by appellant and wife by general warranty deed dated and recorded August 4, 1921, and that he was the owner and entitled to the possession thereof, but that appellant was wrongfully withholding it from him.

Appellant filed an answer, set-off and counterclaim the first paragraph of which consisted of a general denial. In the second paragraph he affirmatively alleged that the deed was void and of no force or effect, and he prayed the court to so hold and to order it canceled. As ground for this relief he alleged that at the time he executed the deed he was insane both as a matter of fact and as a matter of law, having been judicially declared so by a court of competent jurisdiction in this state and never having been declared restored by any court prior to that time; and that appellant had full knowledge of these facts when dealing with him. In the third paragraph he alleged that although the deed purported on its face to be an unconditional conveyance of the fee, it was, in fact, a mortgage only, for the reason that simultaneously with its execution on August 4, 1921, appellee by a separate writing had agreed to reconvey the property to him provided he repaid the $1,000.00 indebtedness on or before January 1. 1922. He therefore prayed that, should the court hold the deed not void because of his insanity, as set out in the

second paragraph of his answer, then it be adjudged that the deed, together with the simultaneous agreement to reconvey, constituted a mortgage upon which a right of action for ejectment, damages and rent did not lie.

By agreement the affirmative allegations of the answer, set-off and counterclaim were controverted of record, and upon the issues thus raised the parties went to trial.

After the introduction of evidence had proceeded for more than a day, the court—apparently of its own motion —halted the trial and entered the following order:

"It is ordered by the court that the deed from W. J. Fugate and wife, Sue Fugate, to H. D. Walker, dated August 4, 1921, is a mortgage for the reason at the time of the execution of said deed plaintiff, H. D. Walker, signed and executed an instrument of writing, whereby he agreed to convey the property mentioned in said deed, back to the defendant, W. J. Fugate, provided, the sum of $1,000.00 was paid back to him by January 1, 1922, and that by reason of said mortgage the said plaintiff, H. D. Walker, in the opinion of this court, has a lien upon the property conveyed, to secure him in the payment of said $1,000.00 and interest thereon from date of said deed, and it is further ordered by the court that the said Walker may be permitted to amend his petition in conformity with the ruling of the court, and set up his lien in this action.

"The jury heretofore impaneled to try this cause is now discharged. To the ruling and opinion of the court the defendant, W. J. Fugate, by attorney, objects and excepts."

Within a day or two thereafter appellee filed an amended petition, and on his motion and over appellant's objection the action was transferred to the equity side of the docket. In the amended petition and in a second amended petition, appellant pleaded in detail all of the proceedings, theretofore had in the action, including the order of the court adjudging the deed a mortgage.

The facts as to the origin of the mortgage were set out at length. It was alleged that on January 27, 1920, E. S. Nickel and wife conveyed to appellant the property in question, and in consideration thereof appellant executed to Nickel his promissory note for $1,500.00 secured by a vendor's lien retained in the deed of conveyance, and

that appellant took immediate possession of the property thus acquired and has held and occupied it continuously since; that E. S. Nickel assigned the note to J. H. Nickel and the latter, before its maturity and for the consideration of $1,500.00, sold and assigned it to the appellee. It was further alleged that on August 4, 1921, the note, together with $80.00 accumulated interest, was due and unpaid, and appellant, appellee and J. H. Nickel, who was liable as assignor on the note, met for the purpose of effecting a settlement of the indebtedness. At the suggestion of, and through some arrangement with appellant, Nickel paid appellee the sum of $580.00, and this amount was credited to appellant, leaving a balance of $1,000.00 due and owing. In payment of this balance appellant conveyed the property to appellee, and appellee surrendered the note to appellant and executed the agreement to reconvey as set out in the order of the court. Appellee further alleged that by reason of the order of the court, which he termed a judgment, and by the terms of the deed and the agreement he had a mortgage on the premises described in the deed; that the debt secured therein was due and unpaid, and he therefore asked that the mortgage be enforced and the property sold to satisfy his debt. Appellee also alleged that on the 4th day of October, 1921, appellant had been judicially declared of sound mind and that thereafter he had filed his answer in which he prayed the court to adjudge the deed a mortgage and the court had done so, and that the appellant was thereby estopped to complain of that action of the court or to plead insanity as a defense against the enforcement of the mortgage.

Upon the filing of the foregoing amended petition, the court continued the action to the November term and gave the defendant until the November rule day in which to plead.

On November 6, 1922, which was rule day, appellant filed a demurrer to the amended petition, which the court overruled on the first day of December, that being the first day of that term of court. Thereafter the appellant filed numerous motions to strike, to elect and to make more specific, all of which having been overruled, appellant filed an answer, set-off and counterclaim. The first paragraph of the answer was a denial of the allegations of the amended petition, including a denial of the proceedings theretofore had. In the second paragraph he again pleaded insanity in substantially the same terms

as it was pleaded in the original answer.  To this answer appellee filed a demurrer and the court sustained same as to the first paragraph, but overruled it as to the second, pleading insanity.  Appellee had theretofore completed his proof and after the court had overruled appellant's various motions and had sustained his demurrer to the first paragraph of the amended petition and he had filed an answer, he moved for a continuance and asked for time in which to take proof, upon the ground that the issues had just been completed on that day.  The court refused to grant a continuance, and the case was submitted on the record, pleadings and proof.  Thereafter the court entered a judgment enforcing the mortgage in accordance with the prayer of the amended petition and ordered the property sold to satisfy appellee's lien, and from that judgment appellant prosecutes this appeal.

It is first insisted that the court erred in entering the order declaring the deed and accompanying agreement to be a mortgage and in transferring the action to the equity side of the docket and permitting appellee to amend his petition.  Appellant cannot complain of the action of the court in declaring the deed and the agreement, when construed together, constituted a mortgage, since he himself asked that that be done.  But even if he had not done so, we think the construction placed upon the documents was entirely proper.  Sebree v. Thompson, 31 R. 1146, 104 S. W. 781; Leibel, et al. v. Tandy, 146 Ky. 101.

Appellant in his set-off and counterclaim pleaded insanity and sought to have the deed canceled.  This was purely an equitable defense and the action was therefore properly transferred to equity, since only that court had the power to afford him the relief sought.  Jones v. Stearns, 202 Ky. 598; Hunt. v. Nance, et al., 122 Ky. 274.

Nor did the court abuse its discretion in permitting the filing of the amended petition seeking the enforcement of the mortgage.  Under the Code, a court of original jurisdiction is given broad power in allowing the filing of amendments.  Gardner, et al. v. Alexander, 167 Ky. 599; Hodge Tobacco Co. v. Whaley, 166 Ky. 813.

Section 8 of the Code provides that:

"An error of the plaintiff as to the form of action shall be cause, not for the abatement or dismissal of it, but merely for a change into the proper proceedings by an amendment of the pleadings and

transfer of the action to the proper docket." Star Drilling Machine Co. v. McLeod, etc., 122 Ky. 565; Herrman v. Whitecarver's Admr., 89 Ky. 633.

The appellant also complains of the court's action in overruling numerous dilatory motions. It would serve no useful purpose to set them out here, but if any of them were meritorious, the error in overruling them was harmless and appellant's substantial rights were not prejudiced thereby..

It is earnestly insisted that the court also erred in overruling appellant's motion for a continuance. Appellee some time prior thereto had fully completed his proof showing the facts upon which he rested his cause of action; but appellant argues that he had been unable to take proof because of the fact that he did not know what the nature of his defense would be and could not know until the issues were made up on the day the case was submitted. We cannot see how appellant could have been misled. Appellee had acquiesced in the order of the court declaring the deed to be a mortgage, and, by filing an amended petition seeking the enforcement thereof, abandoned his original action. While it might have been better practice for the appellee to have alleged specifically whether he was seeking to enforce the interlocutory judgment or the mortgage proper, it is inconceivable that appellant could have been misled by his failure to do so. Certainly it could not have been, and was not prejudicial, as the defense to both was necessarily the same. We find no merit in this complaint.

Appellant insists he was entitled to a judgment because the appellee failed to deny the allegation that appellant was insane, as set out in his amended answer. The same defense was pleaded affirmatively in the original answer and denied by the appellee, and it was therefore not incumbent upon the appellee to deny it again. The issue was made under the original pleading.

Appellant also contends that the action of the court in overruling the demurrer to his plea of insanity misled him into the belief that it was a valid defense. The court properly overruled the demurrer. The fallacy of appellant's position lies in the fact that, while the plea itself stated a valid defense—appellant's actual insanity at the time the deed was executed—the proof wholly failed to sustain it. Appellee's proof showed conclusively and without contradiction that appellant was perfectly sane

and competent on the date of the deed. It is true that on June 6, 1919, more than two years prior thereto, he had been judicially declared insane; he was confined in an asylum for two months and then released as restored, as of sound mind by the superintendent of the asylum, and he had been in the active management of his affairs, which seem to have been quite large, for two years prior to this transaction. No one contends and there is not a word in the record even tending to show that he was not fully aware of the nature and effect of his act and amply able to understand, manage and control his financial affairs. The mere facts that he had theretofore been judicially declared insane does not present a valid defense to the enforcement of the mortgage or a legal ground for its cancellation. The rule prevailing in Kentucky is that such previous adjudication is conclusive evidence of insanity existing at the time of the adjudication, but it is only *prima facie* evidence of that condition existing at the time of the execution of a subsequent conveyance. Rath's Committee v. Smith, 180 Ky. 326; Wathen, et al. v. Skaggs, et al., 161 Ky. 600; Johnson's Committee v. Mitchell, 146 Ky. 382; Clark's Ex. v. Trail, 1 Metcalf 35.

The rule is thus stated in 4 R. C. L. 504:

"In the great majority of instances the record of statutory proceedings adjudging a person insane and a fit subject for treatment in a hospital for the insane, is not admissible in evidence to prove the insanity of such person in an action for cancellation of an instrument made by him, since the issue as to sanity is not the same in both proceedings."

A fuller statement may be found in 32 Corpus Juris 647, wherein it is said:

"An adjudication of insanity is admissible as evidence of insanity at a later time, although not conclusive. Ordinarily it substitutes for the general presumption of sanity a presumption of insanity, and accordingly the party's subsequent civil acts are *prima facie* invalid. This presumption is rebuttable at common law and the strength of such presumption is lessened in proportion to the remoteness of the adjudication."

The proof shows conclusively that appellant was of sound mind on the date of the mortgage. He has held and occupied the premises since January, 1920, without

any attempt to pay the purchase price, and although restored to sanity in October, 1921, he has made no effort of restitution of any sort. Ample opportunity was given him by the court to present a legal or equitable defense if he had one, and this he has wholly failed to do. Wherefore the judgment is affirmed.