## Acree's Committee, et al. v. Blalock, et al.

(Decided November 24, 1925.)

### Appeal from Graves Circuit Court.

1. Appeal and Error—Any Error in Allowing Witness to Testify After Committee and Wife of Incompetent had Testified Held Not Prejudicial.—In suit to set aside executed contract of sale by an alleged incompetent, which suit was exclusively of equitable jurisdiction, any error in allowing vendor to testify after committee and wife of alleged incompetent had testified, held not prejudicial, where vendor's testimony was cumulative, and chancellor in his discretion might disregard verdict of jury and enter such judgment as he saw fit under the evidence.

2. Vendor and Purchaser—Evidence Held to Sustain Finding that Purchaser was of Sound Mind when Deed was Made, and that he was Not Unduly Influenced.—In suit to enforce vendor's lien on land sold defendant, evidence held to sustain finding that he was of sound mind when deed was made, and that he was not unduly influenced.

3. Insane Persons—Subsequent Adjudication of Defendant as Person of Unsound Mind Held Competent in Determining His Mental Condition when Sale of Land was Made.—In suit to enforce vendor's lien on land sold defendant, subsequent adjudication of defendant as a person of unsound mind, showed simply his condition of mind at that time, and was competent evidence to be considered by jury, with other proof, in determining his mental condition when sale was made.

4. Appeal and Error—Instruction on Presumption of Insanity Held Not Prejudicial where Jury's Verdict was Only Advisory to Chancellor and His Judgment was Supported by Evidence.—In suit to enforce vendor's lien on land sold defendant, which suit was exclusively of equitable jurisdiction, instruction that a person is presumed to be sane, and inquest held after transaction was not evidence that defendant was of unsound mind at time of transaction, held not prejudicial, since jury's verdict was only advisory to chancellor, and his judgment that defendant was sane at time of transaction was supported by the evidence.

5. Appeal and Error—Any Error in Peremptorily Instructing Jury to Find for Bank on Notes Held by it Held Not Prejudicial.—In suit to enforce vendor's lien on land sold defendant, which suit was of equitable jurisdiction, any error in peremptorily instructing

jury to find for bank on notes held by it not prejudicial, where both jury and court held deed to defendant valid.

6. Appeal and Error—Oral Evidence, Heard by Court, Presumed Sufficient to Show that Claims Against Alleged Incompetent had Been Duly Verified and Demanded Before Suit.—In suit to enforce vendor's lien on land sold to alleged incompetent, reviewing tribunal will presume that deeds were proved as required by Civil Code of Practice, section 126, and that demand was made of committee for payment of claims properly verified before suit, where testimony thereon was heard orally by the court and was not in the record, and deeds and notes were filed, and, being in writing and shown by proof to have been duly executed, made out for plaintiffs a prima facie case.

HOLIFIELD, GARDNER & McDONALD for appellants.

R. N. STANFORD and LUCIAN R. SMITH for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On October 1, 1919, N. J. Blalock conveyed to R. E. Acree a tract of 349 acres of land in Graves county for which Acree agreed to pay $30,000.00.   He paid $4,000.00 cash, assumed some liens upon the property, and executed notes for the remainder of the purchase, due in one, two, three and four years, with interest secured by a lien on the tract of land purchased, and also by a mortgage on another tract of land he owned.   If the interest on the notes was not paid annually, then all the notes became due.   In February, 1922, R. E. Acree was adjudged to be a person of unsound mind, and G. R. Acree was appointed as his committee.   The notes executed by Acree for the land and the lien notes which he had assumed passed into the hands of various parties, and this action brought on February 23, 1922, to enforce the lien on the land.   G. R. Acree, the committee, and Annie Acree, the wife of R. E. Acree, filed an answer and counterclaim alleging that R. E. Acree was of unsound mind when the deed was made and that he was induced by undue influence to buy the land at an extravagant price.   They prayed that the deed be cancelled.   The circuit court referred the matter to a jury.   A large amount of proof was taken.   The jury returned a verdict finding that R. E. Acree was of sound mind and that there was no undue influence exercised in the land transaction, but that he agreed to pay for the land more than it was worth at the time.  On this finding of the jury the circuit judge entered

a judgment for a sale of the land to pay the debts. The land was sold; the defendants filed exceptions to the report of sale; the exceptions were overruled; the sale was confirmed and they appeal.

It is insisted for the appellants that the court erred on the trial in allowing N. J. Blalock to testify after the committee and Mrs. Annie Acree had testified for the defendants. But Blalock only testified to facts that were proven by a number of other witnesses, and if we leave out entirely his testimony it can have no effect upon the proper decision of the case. It was a suit to set aside an executed contract and was exclusively of equitable jurisdiction. The verdict of the jury was only advisory to the chancellor and in his discretion he might enter judgment upon the verdict or disregard it entirely and enter such judgment as he saw fit under the evidence. Hill v. Phillips, 87 Ky. 169; Morawick v. Martineck, 128 Ky. 155; L. & N. R. R. v. Tuttle, 180 Ky. 559; Fugate v. Walker, 204 Ky. 767. The circuit court, exercising his discretion, entered judgment sustaining the deed, and plainly he would have done this as well without the testimony of Blalock as with it.

It was shown by uncontradicted evidence that R. E. Acree a few months before this bought another farm which he sold at an advance of $2,000.00, and that when he made this sale at a profit he conceived the idea of buying the Blalock farm. Tobacco was selling at a good price then. Land had advanced rapidly all over the state. Acree, as soon as he got his deed, put the land in the hands of a real estate agent to sell, fixing the price at a hundred dollars an acre, evidently expecting the high price then maintained to continue or to get higher. But soon after this land declined in value and he was unable to sell it at an advance or for near what he had paid for it. The proof of all the witnesses to the transaction is consistent and clear that he made the trade deliberately and was thoroughly at himself at the time, although he was an eccentric man and occasionally did foolish things. He owned another farm of 200 acres, worth a hundred dollars an acre, and had been dealing extensively in land. He was conducting a money order tobacco business from which he was making considerable ready money and which he hoped to extend. The judgment of the court is supported by the weight of the evidence.

Instruction 3, telling the jury that a person is presumed to be sane, and that the inquest held in February, 1922, was not evidence that Acree was of unsound mind on October 1, 1919, is not ground for reversal, the verdict being only advisory to the chancellor and the judgment of the chancellor being supported by the evidence. The rule on this subject is thus stated by this court in Andrews v. Andrews, 120 Ky. 721:

"The judgment is conclusive that she was a lunatic at that time, and it is *prima facie* evidence of her lunacy, at a subsequent period, but it raises no presumption that she was a lunatic at any previous time."

To same effect see Shirley v. Taylor, 5 B. Mon. 102; Rath v. Smith, 180 Ky. 329; Wathen v. Skaggs, 161 Ky. 600; 1 Greenleaf on Evidence, section 42, 14 R. C. L. 621. The subsequent adjudication of Acree as a person of unsound mind showed simply his condition of mind at that time, and this fact was competent evidence to be considered by the jury with all the other proof in determining the condition of his mind on October 1, 1919. The inquest being only competent to show his condition of mind at the time it was had, there was no essential error in the instruction to the prejudice of appellants' substantial rights, though its wording is not approved. Note 7 A. L. R. 586.

It is earnestly insisted that the court erred in peremptorily instructing the jury to find for the City National Bank of Mayfield on the notes held by it. But this ruling of the court is entirely immaterial in view of the fact that the jury and the court both held the deed valid. In view of the final conclusion on the merits of the case this ruling prejudiced no substantial rights of the appellants.

It is also insisted that the land was not appraised properly; that the debts were not proved as required by section 126 of the Code, and that no demand was made of the committee for the payment of the claims properly verified before suit. These objections were made by exceptions filed to the report of sale. They were controverted by a response to the exceptions filed by the plaintiff. The judgment of the court shows that upon the hearing of the exceptions the plaintiffs offered as witnesses upon the hearing R. N. Stanfield, W. H. Wyman and G. R. Allen, the master commissioner, and no evi-

dence being offered for the exceptors, the exceptions were overruled. The testimony of these witnesses, which was heard orally by the court, is not in the record and we must presume that it was sufficient to support the conclusion of the court. The report of the commissioner states that each piece of property was appraised, and gives the amount of the valuation fixed by the appraisers. The deed and the notes were filed, and, being in writing and being shown by the proof to have been duly executed, made out for the plaintiffs a *prima facie* case. In the absence of the evidence heard by the court on the subject it must be presumed here that the oral evidence heard by the court was sufficient to show that the claims had been duly verified and demanded before suit.

Judgment affirmed.