Virgie **SUMPTER**, Appellant,

v.

Cullen **FLANERY** et al., Appellees.

Court of Appeals of Kentucky.
May 11, 1962.

Harry M. Caudill, Whitesburg, for appellant.

John D. W. Collins, Stanley R. Hogg, Whitesburg, for appellees.

CULLEN, Commissioner.

Virgie Sumpter acquired title to a tract of land by purchase from the heirs of Mrs. Ritter Sumpter Smith, and thereafter she brought action against the heirs of Ed Polly to have adjudged void a deed Mrs. Smith had executed to Polly in 1929, for a right of way across the tract. The ground of attack upon the deed was that Mrs. Smith was mentally incompetent when she executed the deed. The court, after hearing evidence, found that Mrs. Smith had sufficient mental capacity to make the deed, and entered judgment for the defendants. Virgie has appealed.

In 1924 (five years before the deed was executed), Mrs. Smith was adjudged by the county court, in lunacy proceedings, to be mentally unsound. The sole contention of the appellant here is that the outstanding judgment of lunacy conclusively established Mrs. Smith's lack of mental capacity to execute the deed. In this contention the appellant is in error. The firmly established rule in this jurisdiction is that an adjudication of insanity raises only a rebuttable presumption, and is only prima facie evidence, that the incapacity continues to prevail at a subsequent time. Johnson's Committee v. Mitchell, 146 Ky. 382, 142 S.W. 675; Fugate v. Walker, 204 Ky. 767, 265 S.W. 331; Hale v. Hale, 245 Ky. 358, 53 S.W.2d 554; Sharp v. Commonwealth, 308 Ky. 765, 215 S.W.2d 983; Littreal v. Littreal, Ky., 253 S.W.2d 247. Also, the strength of the presumption is lessened in proportion to the remoteness of the adjudication. Fugate v. Walker, supra.

The judgment is affirmed.