# Hodge, *et al. v.* Rambo

## *Will Contest.*

(Decided Feb. 6, 1908.     45 South. 678.)

1. *Jury; Selection; Challenges.*—Where a juror has been challenged by a party in a contest of will such party may be properly required to pass upon and reject or accept those remaining on the panel before completing the same or supplying the place of the one challenged.

2. *Same.*—After a juror has been selected and accepted by a party to a suit such party has no right afterwards to peremptorily challenge such juror.

3. *Wills; Contest; Grounds; Waiver.*—One contesting a will for testamentary incapacity, undue influence, and want of due execution waives the right to object to the authority of proponent to make probate of the will.

4. *Evidence; Opinion Evidence.*—One although a non expert may testify as to conversations with testator and state whether or not he talked rationally and whether or not his mind seemed clear.

5. *Wills; Testamentary Capacity; Evidence.*—It is proper to show the value of the estate of testator, that it was less than the widow and minor statutory exemption and that the will left it to such widow and minor child, as a circumstance to be considered on the issue of sanity, and undue influence.

6. *Evidence; Opinion Evidence; Value of Property.*—A non-expert may testify as to the value of an estate, it being shown that such witness was acquainted with the estate and knew the value of such property.

7. *Appeal; Review; Insistence on Error.*—Where counsel in brief merely repeat the assignments of error, it is not such an insistence as the rule requires, and such assignment will not be considered.

8. *Same; Harmless Error; Erroneous Instructions.*—Where the jury found for proponent on all the issues, if it was error to instruct the jury to specify the grounds of contest in their verdict, if they found for contestant, it was harmless.

[Hodge, et al. v. Rambo.]

APPEAL from Jefferson Probate Court.

Heard before Hon. SAMUEL E. GREENE.

Application by C. T. Rambow for the probate of the will of Frank Hodge, deceased, in which John Wesley Hodge and others appeared as contestants. From a decree admitting the will to probate, the contestants appeal. Affirmed.

Certain children of decedent filed their contest of said will on the following grounds: (1) Decedent, at the time of the making of said will, was not of sound mind, and was incapable of making any disposition of his affairs. (2) The will was not duly executed. (3) That its execution was procured by undue influence. And issue was made up between the proponent and the contestants, and the jury was summoned. The jury was put upon the proponent, who accepted them. The jury was then put upon the contestants, and one juror was challenged peremptorily and stood aside. The court then required the contestants to pass upon the jury as then organized before another juror was summoned to complete the panel. The contestants excepted to this action of the court. Another juror was summoned by the sheriff, accepted by proponent, and challenged by contestants. Still another was summoned and accepted by both sides. Contestants then asked to challenge a member of the jury as thus organized; they yet having other peremptory challenges. This the court declined to let them do. After the jury had been selected, contestants moved to dismiss the petition of proponent on the following grounds: (1) That the said Rambow was not the proper party to propound the will for probate. (2) That said Rambow did not have that interest in said will or estate of decedent that authorized him to propound the said will for probate. (3) That the petition in said cause fails sufficiently to aver or set out the kind and

[Hodge, et al. v. Rambo.]

character of interest of said Rambo in and to. the estate of decedent. (4) Said petition was void on its face. Proponent objected to filing or hearing of said motion on the ground that same came too late, and that the contest filed by the several contestants and the ground of contest was in effect a plea to the merits. The court sustained the objection and refused to hear the motion. Contestants then asked leave to file and offered to file a plea in abatement, setting up practically the same grounds set forth in the motion; but on objection by proponent the court refused to allow the contestants to file the plea in abatement. The issue having been made up, testimony was taken. The will provided that, after the payment of just debts, each child over age should receive the sum of $5, and the rest, residue, and remainder of testator's property should go in equal shares to his wife and son, Jesse James Hodge. The other facts sufficiently appear in the opinion of the court.

GASTON & PETTUS, for appellant. Peremtpory challenge is a matter of right and the contestants were entitled to a peremptory challenge until the same was exhausted. The contest followed the statute strictly. The court erred in refusing to permit contestant to file the pleas, etc., he attemped to file.

C. W. HICKMAN, and JAMES A. MITCHELL, for appellee. Charge C for proponent was proper.—*Berney v. Torrey*, 100 Ala. 157. Charge D was properly given.— *Estes v. Montgomery*, 93 Ala. 293. Charge E was properly given on the authority of *Bulger v. Ross*, 98 Ala. 271. Charge F was a proper charge.—*Johnson v. Armstrong*, 97 Ala. 731; *Knox v. Knox*, 95 Ala. 495. Charge G was properly given on the authority of *Bulger v. Ross*, *supra*. No error appeared in the selection of the jury.—

12 C

[Hodge, et al. v. Rambo.]

*Wilson v. The State,* 31 Ala. 371; *Barker v. Bell,* 49 Ala. 289; *Schieflin v. Schieflin,* 127 Ala. 14. The pleas and demurrers should have been interposed before the contest on the merit.—*Woodruff v. Hundley,* 127 Ala. 655. A beneficiary under a will is not disqualified to testify in support of the will.—*Henry v. Hall,* 106 Ala. 84; *Kumpe v. Coons,* 63 Ala. 448. The oral charge was correct.—*Berney v. Torrey, supra; Knox v. Knox, supra; Cramer v. Weinert,* 81 Ala. 416; *Moore v. Heineke,* 119 Ala. 627.

ANDERSON, J.—The trial court proceeded in a legal and orderly manner in organizing the jury, and did not have to supply 12 men before requiring the contestants to pass on those remaining after some had been challenged.—*Schieffelin v. Schieffelin,* 127 Ala. 14, 28 South. 687. Nor did the contestants have the right to peremptorily challenge a juror that had been previously accepted by them.

The ground of contest in no way questioned the right or authority of the proponent to offer the will for proof and probation. The only issue was the validity of the will, and the contestants, by making the contest, waived any right to object to the authority of the proponent to make proof of the will.—*Woodruff v. Hundley,* 127 Ala. 655, 29 South. 98, 85 Am. St. Rep. 145.

There was no error in overruling contestants' objections to testimony of witness Montgomery as to conversations with the testator. It does not require an expert to testify as to whether or not a person talked rationally and that his mind seemed clear. We also think the witness was well enough acquainted with the testator to testify to facts stated by him. Nor was there error in the refusal of the court to sustain the motion of contestants to exclude the statement of Williams that the testator "talked rationally."

[Hodge, et al. v. Rambo.]

The proponent had the right to show the value and extent of the estate left by the testator. If less than the exemption allowed the widow and minor child (who were the beneficiaries under the will), the will carried it just where the law would.—Section 2071 of the Code of 1896. And the fact that the testator gave it by will to those who would be entitled thereto under the law was a circumstance to be considered by the jury in passing upon his sanity. It was not necessary for Rambow to have been an expert to testify as to the value of the estate. "Nonexperts can give their opinion upon certain subjects, and value is one upon which they can give an opinion; the proper predicate being that the witness was acquainted or familiar with the thing to be valued."— *Southern Ry. v. Morris,* 143 Ala. 631, 42 South. 17.

The brief of counsel for appellants merely repeats the assignments of error with reference to the exception to the oral charge of the court on pages 45 and 46, and is not such an insistence as the rule requires on these questions as to merit their consideration by this court.

If there was error in the charge of the court, instructing the jury to specify the grounds of contest in their verdict in case they found for contestant on any of the issues, which we do not decide, it was error without injury, as the jury found for the proponent upon all the issues.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.