LOUIS C. SCHALL, Plaintiff, *v.* SAMUEL W. IRWIN and IDA E. IRWIN, Defendants.

Supreme Court, Kings County, April, 1923.

**Incompetent persons — detention in accordance with Insanity Law — certificate of two examiners in lunacy relieves defendant of liability.**

A person acting in good faith and without malice in causing the detention of another in accordance with the provisions of the Insanity Law, for the determination of the question of one's insanity and the commitment of such person, is relieved from responsibility therefor by virtue of the certificate of two examiners in lunacy, and a complaint for causing such detention will be dismissed.

The order of commitment made by the county judge is *prima facie* evidence of the plaintiff's insanity, but, even if the rule be otherwise, a motion under section 457-a of the Civil Practice Act, the constitutionality of which is doubtful, for the direction of a verdict in favor of defendant, would have been proper.

A finding that defendant was responsible for the detention of plaintiff would have been against the weight of evidence and a ground for setting aside a verdict in favor of plaintiff.

MOTION to dismiss complaint.

*Adolph E. Gutgsell* (*Lorlys Elton Rogers,* of counsel), for plaintiff.

*James E. Finegan,* for defendants.

CROPSEY, J. The ruling made upon the trial that the defendant Ida E. Irwin was not liable for the plaintiff's detention under the order made by the county judge seems to have correctly stated the law. *Emmerich* v. *Thorley,* 35 App. Div. 452, 458; *Fischer* v. *Langbein,* 103 N. Y. 84; *Marks* v. *Townsend,* 97 id. 590; *Gilbert* v. *Satterlee,* 101 App. Div. 313, 316.

The reserved question is whether the defendant is equally relieved from liability by virtue of the certificate of the two examiners in lunacy. If she is, then the complaint should have been dismissed, for the only detention of the plaintiff was first under such certificate and later under the order of the county judge.

Section 82 of the Insanity Law prescribes several methods for the determination of the question of one's insanity and the commitment of such person. One of those methods is to secure the certificate or order of a judge based upon the verified petition of a relative and the certificate of two examiners in lunacy. Another of such methods is to commit the person upon a like petition and the certificate of two examiners in lunacy without an order of the court. This the statute prescribes may be done where the condition of the person is such that it would be for his benefit to receive immediate care and treatment; or where there is no proper place available for his care and treatment; or if he is dangerously insane so as to render it necessary for public safety that he be immediately confined. In such case he shall not be retained in the institution longer than ten days under such certificate. These two methods are prescribed in subdivision 1 of the section. Subdivision 2 prescribes another method, that is, a health officer may request the detention of a person for a period not exceeding ten days who needs immediate care and treatment because of mental derangement, other than drunkenness or delirium tremens. And subdivision 3 of that section prescribes still another method, namely, on the petition of a specified relative, or officer of a well-recognized charitable institution, or certain specified public officer, accompanied by a certificate of insanity executed by a physician possessing certain qualifications. A holding in such case shall not exceed ten days. This subdivision was added by chapter 673 of the Laws of 1921. If these various provisions are constitutional, and

their constitutionality has not been attacked here, it would seem that any one in good faith following any of the methods prescribed would be relieved from liability. Evidently the legislature has substituted for the order of a judge of the court, in the other situations mentioned, a certificate of the examiners in lunacy or of the health officer, as the case may be. Any one following any of the provisions of the statute should be relieved from responsibility so long as he acted in good faith and without malice. In the *Emmerich* v. *Thorley* case the court laid down the rule of liability for one who was a private person placing another under restraint if he did so without judicial warrant or process. But the court there was not considering the present provisions of the Insanity Law, for at the time of that decision the provisions allowing the detention of a person upon a verified petition of a relative and the certificate of one or two examiners in lunacy had not been enacted in the statute. The provision allowing that to be done upon the certificate of two examiners was added by chapter 146 of the Laws of 1903, and the provision allowing it to be done upon the certificate of one examiner in lunacy was added by the Laws of 1921, as has already been noted. The order of commitment made by the county judge was *prima facie* evidence of the plaintiff's insanity. *Matter of Brobst*, 112 Misc. Rep. 66, and cases cited.

The motion to dismiss is granted.

But even if the rule above contended for be held otherwise, a direction of a verdict for the defendant would have been proper, provided section 457a of the Civil Practice Act is constitutional. A finding that the defendant was responsible for plaintiff's detention would have been manifestly against the weight of the evidence and a verdict for the plaintiff would have been set aside. Section 457a provides that in such a case the judge may direct a verdict. I doubt the constitutionality of this provision, as it seems to deprive a litigant of the right to trial by jury. See N. Y. Law Review, March, 1923. But probably the unconstitutionality of this section should not be declared by a trial court.

Order to be settled on notice.

Ordered accordingly.