(116 So. 686)

### HOUSTON v. GRIGSBY. (8 Div. 977.)

Supreme Court of Alabama. March 29, 1928.

Rehearing Denied May 17, 1928.

**1. Wills ⬤�þ322—Admission of contested will held not error, if premature, where subsequent evidence, with antecedent evidence, established prima facie case of due execution.**

In will contest, admission of will *held* not error, even if premature, where subsequent evidence, when connected with antecedent evidence, established prima facie case of compliance with statute as to execution of will.

**2. Wills ⬤�þ324(2)—Testatrix's mental capacity at time of making will few months after adjudication of mental incapacity held for jury.**

Evidence tending to show that testatrix's mental capacity was good when she made will, notwithstanding adjudication of mental incapacity a few months before, *held* sufficient to take question of soundness of mind to jury.

**3. Wills ⬤�þ52(3)—Law presumes adult's mental capacity to make will, and requires contestant in first instance to prove mental incapacity, but proof of habitual, fixed, or permanent insanity shifts to proponent burden of proving execution during lucid interval.**

The law presumes that every person of full age has sufficient mental capacity to make a will, and casts on contestant in first instance the burden of proving mental incapacity when will was executed, but, when contestant establishes habitual, fixed, or permanent insanity, as distinguished from spasmodic or temporary insanity, at a time prior to making of will, burden is shifted to proponent to show that will was executed during a lucid interval.

**4. Wills ⬤�þ52(4)—Proof of prior adjudication of testatrix's insanity and her guardianship when will was executed cast on proponent burden of establishing testamentary capacity at such time.**

In will contest, proof of adjudication of testatrix's insanity several months before execution of will, and fact that she was under guardianship of probate court when she executed will, *held* sufficient to cast on proponent burden of establishing testamentary capacity when will was made.

**5. Insane persons ⬤�þ26—Adjudication is conclusive of insanity only at time of inquisition.**

Adjudication of insanity is conclusive of insanity only at time of inquisition, and not anterior or subsequent thereto.

**6. Evidence ⬤�þ474(4)—Nonexpert cannot give opinion as to sanity of person without showing intimate acquaintance with latter.**

A nonexpert witness cannot give an opinion as to the sanity or insanity of a person, unless he shows an intimate acquaintance with such person.

**7. Appeal and error ⬤�þ971(2)—Trial court's ruling as to witnesses' qualification to testify as to testatrix's sanity will not be reversed, unless clearly erroneous.**

Trial court's ruling as to qualification of witnesses to testify as to sanity of testatrix by virtue of intimate or familiar acquaintance with her will not be reversed, unless clearly erroneous.

**8. Evidence ⬤�þ474(4)—That witnesses saw less of testatrix after, than before, lunacy inquisition, went to probative force, not admissibility, of their opinion as to her sanity.**

That witnesses testifying as to testatrix's sanity did not see as much of her after as before inquest of lunacy prior to execution of will went to probative force, not admissibility, of their opinion.

**9. Evidence ⬤�þ474(4)—Rule as to competency to testify as to sanity is less exacting than with reference to testimony as to insanity.**

Rule as to competency of witnesses called on to testify as to sanity of person is not so exacting as with reference to those called on to testify as to insanity.

**10. Trial ⬤�þ260(1)—Refusal of charges substantially covered by charges given is not error.**

Refusal of charges substantially covered by complaining party's given charges and court's oral charge is not error.

**11. Evidence ⬤�þ473—Wills ⬤�þ164(7)—Testimony as to testatrix's strong will held admissible as shorthand rendering of facts and on question of undue influence.**

In will contest, testimony of witnesses, who knew testatrix well, that she was a woman of strong or firm will, *held* admissible as but a shorthand rendering of facts and bearing on question of undue influence.

**12. Wills ⬤�þ330(1)—Charge that jury cannot find will invalid for mental unsoundness, if testatrix knew what her property, beneficiaries, and making of will were, held erroneous.**

In will contest, charge that jury cannot find will invalid for unsoundness of mind, if they find that testatrix knew, in general, at time of making will, what her property was, who people named in instrument were, and what making of will was, though they found that she had been adjudged of unsound mind, *held* erroneous, as not setting out elements of testamentary capacity.

**13. Wills ⬤�þ50, 155(1)—Will is valid, if testatrix had sufficient mind to understand business, kind, extent, and desired disposition of property, and natural objects of bounty, and no undue influence was practiced.**

If testatrix, at time of executing will, possessed sufficient mind to understand, without prompting, the business about which she was engaged, kind and extent of property, persons who were natural objects of her bounty, and manner in which she desired disposition of property to take effect, and no undue influence was practiced on her, will is valid.

---

⬤�þFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Evidence ⊕472(8)—Testimony that testatrix "was about like she was all the time," and "always knew what she was doing," when witness saw her since adjudication of mental unsoundness, held admissible.**

In will contest, testimony that testatrix "was about like she was all the time," and "always knew what she was doing," when witness saw her several times since adjudication of her mental unsoundness, *held* admissible as against objection that it invaded jury's province.

**15. Trial ⊕253(3)—Charge to find against will, unless satisfied that testatrix was relieved of insanity before its execution, held properly refused as pretermitting necessity of reasonable satisfaction.**

In will contest, charge to find against will, unless satisfied by clear and satisfactory proof that testatrix had been temporarily or permanently relieved of insanity before execution of will, and that burden is on proponent reasonably to satisfy jury of her restoration to sanity, *held* properly refused as pretermitting fact that jury must be reasonably satisfied and requiring in effect that they be absolutely satisfied.

**16. Trial ⊕240—Charge that gift of entire estate to strangers may be considered in will contest held properly refused as argumentative.**

In will contest, charge that fact, if found, that testatrix's entire estate was given to strangers to her blood may be considered in reaching verdict, *held* properly refused as argumentative.

**17. Trial ⊕240—Charge that opinion of attesting witnesses as to testatrix's sanity is of no more weight than if they had not attested will held properly refused as argumentative.**

In will contest, charge that fact that certain witnesses attested will was no evidence of their opinion as to testatrix's sanity, and that their testimony as to soundness of her mind is entitled to no more weight than if they had not attested will, *held* properly refused as argumentative.

**18. Trial ⊕248—Refusal of abstract charges is not reversible error.**

Refusal of charges, which are abstract, is not reversible error.

**19. Trial ⊕110—Will proponent's attorneys' examination of each other as witnesses held not violation of court rule against examination of witness by more than one counsel on each side (Circuit Court Rule 18).**

When testifying, proponent's attorneys were witnesses, and one not then on stand could examine the other without violating Circuit Court Rule 18 that only one counsel on each side may examine witness.

Appeal from Circuit Court, Limestone County; James E. Horton, Judge.

Petition of Jack Grigsby to probate the will of Irena Grigsby, deceased, contested by **Phil Houston.** From a judgment of the circuit court, to which the proceeding was transfer-

red from the probate court under Code 1923, § 10636, admitting the will to probate, contestant appeals. Reversed and remanded.

The following charges were refused to contestant:

"(8) I charge the jury that insanity is a disease, and that it has been established in this case that Irena Grigsby was a person of unsound mind, before the execution of said will, and that you must find against the will, unless you are satisfied by clear and satisfactory proof that Irena Grigsby had been either temporarily or permanently relieved of her insanity before the execution of the alleged will, and that the burden rests upon the proponent to reasonably satisfy you of the restoration of sanity to the said Irena Grigsby at the time the alleged will was executed."

"(12) The fact, if it be a fact, and is found by you from the evidence, that the entire estate of the said Irena Grigsby was given to those strangers to her blood, may be considered by you in reaching your verdict."

"(14) I charge you, gentlemen of the jury, that the fact that the witnesses Chandler and Murphey attested the will of Irena Grigsby does not furnish any evidence of any opinion they may have had as to the sanity of Irena Grigsby, and their testimony as to the soundness of the mind of Irena Grigsby is entitled to no more weight than such testimony would have been entitled to had they not been witnesses to said will."

The following charges were given at proponent's request:

"(6) The court charges the jury that, if they should find that Irena Grigsby knew at the time of making the alleged will in general what her property was, who the people were, named in the instrument offered for probate, and what the making of a will was, although they find that she had been adjudged to be of unsound mind, they cannot find the will invalid by reason of unsoundness of mind."

"(18) The court charges the jury that, if the testator possessed at the time of the execution of the instrument offered for probate sufficient mind to understand without prompting the business about which she was engaged, the kind and extent of the property willed, and the persons who were the natural objects of her bounty and the manner in which she desired the disposition of her property to take effect, and that no undue influence was practiced upon her, they must find the will to be valid."

R. B. Patton, of Athens, for appellant.

One under guardianship for lunacy is prima facie incompetent to make a will. 7 A. L. R. p. 595, and notes; Gardner on Wills (2d Ed.) p. 124; Harrison v. Bishop, 131 Ind. 161, 30 N. E. 1069, 31 Am. St. Rep. 422; Rice v. Rice, 50 Mich. 448, 15 N. W. 545; Willwerth v. Leonard, 156 Mass. 277, 31 N. E. 299. Undue influence is a species of fraud, and is equivalent to coercion or fraud. Eastis v. Montgomery, 93 Ala. 293, 9 So. 311; Estes v. Bridgforth, 114 Ala. 221, 21 So. 512; Lewis v. Martin, 210 Ala. 401, 98 So. 635; Council v. May-

hew, 172 Ala. 295, 55 So. 318; Taylor v. Kelly, 31 Ala. 64, 68 Am. Dec. 150; Schieffelin v. Schieffelin, 127 Ala. 14, 28 So. 687. Wills must be signed by the testator, or by some one in his presence, and by his direction, and in the presence of two witnesses. Code 1923, § 10598. When insanity is shown to exist and party judicially declared insane, inquiry as to her sanity or insanity, vel non, prior to the adjudication, is precluded. McBride v. Sullivan, 155 Ala. 166, 45 So. 902; Johnson v. Armstrong, 97 Ala. 731, 12 So. 72; Harrison v. Bishop, supra; O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322. All opinions by nonexpert witnesses as to sanity must be based upon opportunity of observation sufficient for witness to form a correct judgment. National Life & A. Co. v. Hannon, 212 Ala. 184, 101 So. 892. Only persons of sound mind may devise lands. Code 1923, § 10577. Jury may consider condition of parties and those who are entitled to testator's bounty, if any are excluded, in connection with whole evidence. Gilbert v. Gilbert, 22 Ala. 529, 58 Am. Dec. 268; Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33; Council v. Mayhew, supra. Opinion of subscribing witnesses entitled to no more weight than other witnesses, as to sanity or insanity. Burney v. Torrey, supra; Gardner on Wills (2d Ed.) p. 128; Crandall's Appeal, 63 Conn. 365, 28 A. 531, 38 Am. St. Rep. 375. Only one lawyer can examine a witness. A charge of the court should restrict the jury in ascertaining facts from the evidence, and not permit the jury to ascertain facts from other sources. Capacity to make a will is not a simple question of facts, but is a conclusion which the law draws from given premises. Walker v. Walker, 34 Ala. 469; Daggett v. Boomer, 210 Ala. 673, 99 So. 181.

Edw. Goodrich, of Athens, for appellee.

There are many tests of testamentary capacity. Taylor v. Kelly, 31 Ala. 70, 68 Am. Dec. 150; West v. Arrington, 200 Ala. 420, 76 So. 352; Mullen v. Johnson, 157 Ala. 262, 47 So. 584; Burney v. Torrey, 100 Ala. 157, 14 So. 690, 46 Am. St. Rep. 33; Knox v. Knox, 95 Ala. 495, 11 So. 125, 36 Am. St. Rep. 235; Kramer v. Weinert, 81 Ala. 414, 1 So. 26; McBride v. Sullivan, 155 Ala. 167, 45 So. 902; Council v. Mayhew, 172 Ala. 295, 55 So. 314; Stubbs v. Houston, 33 Ala. 555; Havens v. Mason, 78 Conn. 410, 62 A. 615. 3 L. R. A. (N. S.) 172; Slaughter v. Heath, 127 Ga. 747, 57 S. E. 69, 27 L. R. A. (N. S.) 1; Leeper v. Taylor, 47 Ala. 221. Although two subscribing witnesses are necessary to the execution of a will, their testimony is not the only evidence by which the due execution of the will can be established. Hall's Heirs v. Hall's Ex'rs, 38 Ala. 131; Barnewall v. Murrell, 108 Ala. 382, 18 So. 831.

ANDERSON, C. J. This case involves the contest of the will of one Irena Grigsby, deceased; the grounds of contest being mental incapacity to make a will, a failure to comply with the statute as to the execution of same, and undue influence.

[1] We think the evidence made out a prima facie case as to the execution of the will as required by the statute, and there was no error in the admission of said will. It prematurely admitted, there was subsequent evidence, which, when connected with the antecedent evidence, established a prima facie case as to a compliance with the statute as to the execution of said will. Hall v. Hall, 38 Ala. 131, Barnewall v. Murrell, 108 Ala. 366, 18 So. 831.

[2] On September 13, 1926, the said intestate was declared mentally unsound by the verdict of a jury and a decree of the probate court. The will was executed by her on her deathbed January 20, 1927, and she died February 3, 1927. In other words, the will was made about four months after she was adjudged of unsound mind, and about two weeks before her death, and evidently when her health had been failing rather than improving, though there was evidence tending to show her mental capacity was good when she made the will, notwithstanding the adjudication of mental incapacity just a few months prior thereto, and which was sufficient to take the question of soundness of mind to the jury, and the trial court did not err in refusing the affirmative charge for the appellant upon this theory of the case.

[3-5] Sanity being the normal condition of the human mind, the law presumes that every person of full age has sufficient mental capacity to make a will, and casts on the contestant, in the first instance, the burden of proving mental incapacity at the time the will was executed, but, when the contestant has established habitual, fixed, or permanent insanity, as distinguished from spasmodic or temporary insanity at a time prior to making the will, the burden of proof is then shifted to the proponent, and he is required to show that the will was executed during a lucid interval. O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322, McBride v. Sullivan, 155 Ala. 166, 45 So. 902. We think proof of the adjudication of insanity and that the intestate was under guardianship of the probate court when she executed the will was sufficient to cast upon the proponent the burden of establishing testamentary capacity when the will was made. 7 A. L. R. note, page 595. The adjudication, however, is conclusive of insanity only at the time of the inquisition, and not anterior or subsequent thereto.

[6-9] The rule is that nonexpert witnesses cannot give an opinion as to the sanity or insanity of a person, unless he shows an intimate acquaintance with said person. As we understand, the witnesses Rochell and Griffis showed an intimate or familiar acquaintance with the intestate, at least, the trial

court so held, and its ruling as to the qualification of the witnesses will not be reversed, unless it is clearly erroneous. Parrish v. State, 139 Ala. 17, 36 So. 1012. True, the witnesses did not see as much of the intestate after the inquest of lunacy as before, but this went to the probative force of their opinion. Russell v. State, 201 Ala. 572, 78 So. 916, Birchfield v. State (Ala. Sup.) 115 So. 297.¹ Moreover, the rule as to the competency of witnesses called upon to testify to the sanity of a person is not so exacting as it is with reference to those called upon to show insanity. Braham v. State, 143 Ala. 28, 38 So. 919, Ford v. State, 71 Ala. 385.

[10] Charges 4 and 5, refused to appellant, were substantially covered by his given charges as well as the oral charge of the court. See given charges B, C, 26, and 28.

[11] There was no error in permitting the witnesses, who knew the intestate well, to testify that she was a woman of strong or firm will. This was but a shorthand rendering of facts, and had a bearing on the question of undue influence. Moore v. Spier, 80 Ala. 129.

[12] The trial court erred in giving charge 6, at the request of the proponent. It falls short of the rule often declared by this court as to testamentary capacity. The rule was laid down in Taylor v. Kelly, 31 Ala. 59, 68 Am. Dec. 150. As said in the case of Burney v. Torrey, 100 Ala. 157, 14 So. 685, 46 Am. St. Rep. 33:

"The law is clearly and fully stated in Taylor v. Kelly, 31 Ala. 59, and though different expressions have been used, in later decisions, none were intended to alter or add to the requisites there required."

Again, it was said by this court, speaking through Somerville, J., citing the Taylor Case, supra, and many others:

"The elements of testamentary capacity have been so often declared by this court that it would seem to be almost impossible for any trial court to fall into error in stating the requirements." Councill v. Mayhew, 172 Ala. 307, 55 So. 318.

Charge 6 does not set out the requisites as set forth in the decisions of this court.

¹Ante, p. 225.

[13] Charge 18, given for the proponent, meets the requirements of the law, and there was no error in giving same.

[14] There was no error in not excluding the testimony of the witness Barbee:

"I have seen her more than once since last September; when I saw her, she was about like she was all the time; sound mind, yes, sir; always knew what she was doing."

This was very different from permitting a witness to testify as to whether or not a person had the mental capacity to make a will and which was properly held to invade the province of the jury in the case of Walker v. Walker, 34 Ala. 469.

[15] There was no error in refusing charge 8, requested by the defendant. If not otherwise faulty, it pretermits the fact that the jury must be reasonably satisfied, and requires that they must, in effect, be absolutely satisfied. Coghill v. Kennedy, 119 Ala. 641, 24 So. 459.

[16] There was no error in refusing the contestant's requested charge 12. This court has often held that a charge is argumentative which tells the jury to look to this or that fact.

[17] Charge 14, requested by the contestant, was argumentative.

[18] We do not think the trial court committed reversible error in the refusal of the contestant's other charges, as they were either bad, abstract, or covered by given charges. Nor do we think the trial court committed reversible error in ruling upon the evidence on points not herein discussed.

[19] While Circuit Court Rule 18 provides "on trial, only one counsel on each side shall examine a witness," we do not think there was a violation of this rule, even if the matter was not within the discretion of the trial court as Goodrich and Rosenau were both attorneys in the case, but, when testifying, they were witnesses, and the one not then on the stand could examine the other.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.