## LOWERY v. LOWERY.

### 7 Div. 967.

Supreme Court of Alabama.

June 14, 1930.

Rehearing Denied Oct. 9, 1930.

See, also, ante, p. 546, 130 So. 80.

John B. Isabell and Haralson & Son, all of Ft. Payne, for appellant.

Lee S. Baker, of Ft. Payne, for appellee.

BOULDIN, J.

The complaint has one count for money had and received and one in trover.

Samuel C. Lowery, on his death, left an estate consisting of money on deposit in bank, with some small items, aggregating $1,865. He left seven children, his distributees, all sui juris. G. M. D. Lowery, brother of decedent, took charge of this fund, undertook to administer same, and make distribution after deducting certain sums as charges thereon.

This suit is to recover an alleged balance due one of the distributees.

If decedent left a will, or an instrument in writing purporting to be a will, naming his brother, this defendant, executor, and by agreement with the distributees, express or implied, in order to save the expense of probate and administration, defendant pro-

ceeded to execute the will according to its terms, and made distribution accordingly, plaintiff giving a receipt in full, he has no cause of action.

Not that the defendant had any authority as executor without probate and letters testamentary, but had authority as agent or trustee of the parties as per their agreement.

Plea No. 3 presents this state of facts and was not subject to the demurrer assigned thereto.

 Plea No. 4 omits any advance agreement as set up in plea 3, and proceeds on the theory that defendant having assumed to act for the parties in making distribution of the fund, this plaintiff, knowing of what had been done, received the balance so remaining due him and gave his receipt in full therefor. It sets forth all the facts essential to a ratification of defendant's administration of the fund, and was not subject to the demurrer.

We are of opinion these facts were provable under the general issue.

No money, belonging ex æquo et bono to plaintiff, actually or constructive, remains in the hands of defendant in such event; and no action for conversion of the fund will lie.

But on the assumption that the general issue covered the matter of these special pleas, it was the right of defendant to make proof of the several facts therein set forth.

The will became admissible as evidence of the terms of the agreement under plea No. 3. For example, it provided for a tombstone for the grave of the decedent, to cost not exceeding $200, the largest item of which plaintiff now complains.

Likewise, under plea 4, if plaintiff knew his uncle was disposing of the fund in keeping with the terms of the will, and accepted the balance due him on that basis or knowingly approved any items not covered by the will, and gave his receipt in full, plaintiff has no right of action.

If defendant made disbursements or retained funds not authorized by the will, nor within the terms of any express or implied agreement, and not known to plaintiff when he gave his receipt in full, he would not be bound by such unauthorized expenditures. Ratification presupposes knowledge of the facts.

The court erred in rejecting the will in the light of the evidence in the case, subject to proper explanation of its scope and effect as evidence.

Defendant's refused charge No. 3 should have been given.

Charge No. 5 was refused without error. That defendant "talked over the matters of accounts" and showed plaintiff the amount due does not sufficiently set forth such full disclosure as would imply a ratification of all disbursements and charges retained from the fund.

Some of the wording of charge 6 could be improved upon, but the principle stated is correct, and we think without misleading tendency. It should have been given.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.