143 So. 556

## LOWERY v. LOWERY.

### 7 Div. 143.

Supreme Court of Alabama.

Oct. 6, 1932.

Haralson & Son, of Ft. Payne, for appellant.

Lee S. Baker, of Ft. Payne, for appellee.

FOSTER, J.

The answer to the question first assigned for error was answered in a manner not prejudicial to appellant, regardless of what might have been the legal effect of a different answer.

An issue in the case was whether the plaintiff as a distributee of the estate of S. C. Lowery agreed expressly or impliedly to abide by an instrument which purported to be his will, though not probated, and consented for defendant to receive and distribute the funds of the estate. Defendant was named as execu-

tor of the will, and without probating it proceeded to disburse the funds. It is also claimed that though there may not have been an agreement with plaintiff in that respect, plaintiff approved the disbursements after they were made and accepted payment of the balance in full of his share. Under such issues the validity of the will as an independent proposition may not have been prima facie relevant. But the good faith of defendant in making the disbursements, and his evidence as to the agreement and his conduct in disbursing the funds, were all questioned. It cannot be said to be prejudicial and erroneous to show that defendant told a son-in-law of decedent, who was in the house when the will was signed, and in whose house decedent then resided, "to get out," as a portion of a narrative of the occurrence when the will was executed, to the balance of which no objection was made.

■ The objection to the testimony of Pearl Shanks, a witness to the will, as to the mental capacity of the deceased to make a will, is not subject to the objection assigned, that, not being an expert, she could not so testify without first showing a knowledge of his habits, etc., and without stating the facts on which the conclusion was reached. The rule to that effect does not extend to an attesting witness to the will. Ritchey v. Jones, 210 Ala. 204, 97 So. 736; East v. Karter, 218 Ala. 366, 118 So. 547.

Charges 1, 3, 4, 5, 6, given for plaintiff, asserted principles and rules for the guidance of the jury not materially different from those approved on the former appeal of this case, 221 Ala. 567, 130 So. 77.

Charge 2, given for plaintiff, correctly declares the purpose of the will as evidence, viz., as it may fix the terms of such agreement as may have been made to execute its provisions, in order to save cost of probate. If such was not its only purpose, no other has been suggested by counsel.

■ Charge 1, refused to defendant, was without error. In order to justify the expenditure, there must have been an agreement to carry out the provisions of the alleged unprobated will, which carried a provision for a tombstone, or some other agreement to that effect, or its ratification by plaintiff. There was a conflict of inferences in respect to those questions, and therefore a direction to the jury against plaintiff in this connection was properly refused.

Charge 2, refused to defendant, was without error. While on an appeal to this court in a suit by another distributee of this estate, it was held that defendant was entitled to his commission of five per cent., we note that this court pointed out that plaintiff's count 2 proceeded upon the idea that plaintiff had agreed to let defendant settle the estate out of court, and that the case was tried on that theory.

■ In this case the trial was upon the single count for "money had and received." Defendant was executor de son tort, if he took possession of the funds of the estate in the absence of an agreement, and without authority intermeddled with them. 24 Corpus Juris 1211; Ward v. Bevill, 10 Ala. 197, 44 Am. Dec. 478; Densler v. Edwards, 5 Ala. 31; Upchurch v. Norsworthy, 15 Ala. 705. For his services as such he was not due to demand a commission, and his retention of a sum as a commission, unless ratified by plaintiff, did not deprive plaintiff of his right to recover for his share of such fund. 24 Corpus Juris 1219, 1221. Such right was therefore dependent upon conflicting inferences, and a directed verdict in this respect was not due defendant.

The argument made here in respect to the judgment on the motion for a new trial is based upon the rulings which we have discussed. We do not find reversible error in them.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.