**STARNES et al. v. CAMPBELL et al.**

No. 5229.

Court of Civil Appeals of Texas.
Texarkana.

June 30, 1938.

Rehearing Denied July 28, 1938.

E. E. Fischer, of Houston, and Clower & Sewell, of Tyler, for appellants.

Lasseter, Simpson & Spruiell, Nat Gentry, and Pace & Goens, all of Tyler, for appellees.

HALL, Justice.

The parties to this appeal will be designated as in the trial court, appellants as plaintiffs and appellees as defendants.

This cause was instituted in the court below by plaintiff Rebbie J. Starnes, individually, and as next friend of her husband, Charles J. Starnes, against defendants to cancel a deed executed on July 11, 1928, by Rebbie J. Starnes, Charles J. Starnes, J. H. Starnes and Beatrice Starnes, covering ten acres of land situated within the city of Tyler, Texas. Plaintiffs alleged that on the date of the execution of said deed Charles J. Starnes was a person of unsound mind and incapable of executing said deed; that the ten acres of land was, on the date of the execution of the deed conveying same, the homestead of plaintiffs. The defend-

ants other than Audrey B. Campbell were vendees of Campbell and the deeds to them of parts of the ten acres of land were also sought to be cancelled. In the alternative, plaintiffs alleged that should it be determined that Charles J. Starnes was competent to convey the property in controversy, then it was averred that the acknowledgment of plaintiff Rebbie J. Starnes, wife of Charles J. Starnes, was not taken in the manner required by law in that she was not examined privily and apart from her husband; that she signed said deed under duress of her husband made at the time in the presence of the notary taking her acknowledgment; that she informed the notary that she was not willingly signing the deed, but was signing it because of threats made to her by her husband, Charles J. Starnes.

Defendant Audrey B. Campbell answered with numerous exceptions and general denial, and by way of cross action, in trespass to try title. The other defendants answered by general denial and plea of innocent purchaser. Trial was to a jury on special issues which were answered favorable to defendants. Judgment was entered for defendants, and plaintiffs appeal.

Charles J. Starnes was in 1926 by order of the County Court of Smith County adjudged a person of unsound mind, and on July 11, 1928, by order of the same court was adjudged a person of sound mind. The record discloses that prior to July 11, 1928, and prior to the date Charles J. Starnes was restored to sanity by judgment of the county court, Charles J. Starnes and his wife, Rebbie, conveyed a portion of the land here in controversy to J. H. Starnes and wife, father and mother of Charles, and for this reason J. H. Starnes and wife, Beatrice, joined in the deed to the whole of said land to Campbell. The real contest in this case centered around the deed of July 11, 1928, from plaintiffs and others to Audrey B. Campbell.

■ Plaintiffs' propositions are directed to the action of the trial court in submitting an instruction to the jury in connection with special issue No. 4. Special issue No. 4 and its accompanying instruction follows:

"Does the preponderance of the evidence show that at the time of the delivery of the deed from C. J. Starnes and others to Audrey B. Campbell, that C. J. Starnes at that time did not have sufficient mental capacity to understand the nature and effect of said deeds? Answer 'Yes' or 'No.'

"In connection with this question No. 4, you are instructed that unless a preponderance of the evidence shows that C. J. Starnes became mentally incapacitated to understand the nature and effect of said deed after the rendition of the judgment in the County Court declaring him restored to sanity, you will answer said question 'No'; but if a preponderance of the evidence shows that he did become so mentally incapacitated after the rendition of said judgment and before the delivery of said deed, you will answer said question 'Yes.'"

It is contended by plaintiffs that the instruction immediately following special issue No. 4 is on the weight of the evidence and is general in its nature. The facts are undisputed that Charles J. Starnes was restored to sanity by order of the County Court of Smith County July 11, 1928. The jury found upon sufficient facts that the deed from plaintiffs to defendant Campbell was executed and delivered to Campbell after the rendition of the judgment declaring Charles J. Starnes restored to sanity. In the instruction given in connection with special issue No. 4, copied above, the trial court assumed, as he had a right to do from the undisputed evidence, that Charles J. Starnes was of sound mind on the date of judgment restoring him to sanity. In the absence of an attack on said judgment, and there was none in this case, the presumption of sanity became conclusive on the date of its rendition. Mitchell v. Inman, Tex.Civ.App., 156 S.W. 290, writ refused. The assumption, therefore, of this uncontradicted fact would not present error.

■ This instruction, in our opinion, is not subject to the criticism that it is a general charge. Taking it in its broadest sense, it was simply a limitation as to the time the evidence was applicable on the question of the mental capacity of Starnes. Since the jury found in answer to special issue No. 3 that the deed from Charles J. Starnes and others to Campbell was executed and delivered after the entry of the judgment restoring Starnes to sanity, the condition of his mind before the date of said judgment became an immaterial issue, and it was entirely proper for the trial court to instruct the jury to determine the condition of Starnes' mind after the date of the judgment restoring him

to sanity from the evidence submitted before them.

We find no error in this record.

The judgment is in all things affirmed.