65 So.2d 217

### ALLEN v. JONES.

8 Div. 645.

Supreme Court of Alabama.

March 13, 1953.

Rehearing Denied May 28, 1953.

1. Ante, p. 88.

100

Wm. F. Baker, Florence, for appellee.

Bradshaw, Barnett & Haltom, Florence, for appellant.

LAWSON, Justice.

Everett E. Hall died on or about October 6, 1950, when he was approximately fifty-four years of age. He had never married. His only surviving next of kin were four or five first cousins, one of whom was Mrs. Alma G. Allen.

Amos Jones filed a petition in the Probate Court of Lauderdale County to probate the alleged last will and testament of Hall, wherein Jones is named as the only beneficiary and is nominated as executor and relieved of making bond, filing inventory and making reports.

Mrs. Alma G. Allen, who as shown above was one of the surviving next of kin, filed a contest under the provisions of § 52, Title 61, Code 1940. On motion of proponent, Amos Jones, the contest was transferred to the circuit court of Lauderdale County. § 63, Title 61, Code 1940, as amended. A jury trial was not requested and the cause was tried by the court without a jury.

From a judgment sustaining the will the contestant, Mrs. Allen, has appealed to this court.

The contest was rested on three grounds: (1) the instrument was not duly executed, (2) undue influence on the part of appellee, and (3) that Hall did not have testamentary capacity to make a will at the time it was allegedly made.

During the course of the trial the contestant excepted to a number of rulings of the trial court on the admission and exclusion of evidence. Several of such rulings are assigned as error and we will consider them first.

The admission in evidence of the contested instrument is assigned as error. The only argument in support of this assignment is that the evidence "utterly failed to affirmatively show that the will in question was attested by the two witnesses in the presence of Mr. Hall * * *."

Section 24, Title 61, Code 1940, reads:

"No will is effectual to pass real or personal property, except in the cases hereinafter provided for, unless the same is in writing signed by the testator or some person in his presence, and by his direction, and attested by at least two witnesses, who must subscribe their names thereto in the presence of the testator."

In will contests the burden of showing the due execution of the will is on the proponent. Little v. Sugg, 243 Ala. 196, 8 So.2d 866; Graves v. Graves, 228 Ala. 642, 154 So. 788; Jordan v. Ringstaff, 212 Ala. 414, 102 So. 895; Woodruff v. Hundley, 133 Ala. 395, 32 So. 570. This rule includes, of course, the burden of showing that the attesting witnesses subscribed their names in the testator's presence. Green v. Davis, 228 Ala. 162, 153 So. 240.

The evidence shows without dispute that the persons whose names appear on the will as subscribing witnesses saw deceased sign his name to the instrument.

There seems to be no positive statement made by any of the persons present that the witnesses signed their names in the presence of testator. But such a statement is not necessary. It is not necessary to prove that testator actually saw the witnesses sign their names to the will. It is sufficient if, from their relative positions, he could see them. Hill v. Barge, 12 Ala. 687, 696–697. In the case last cited it is said:

"In this case, it appears from the testimony, that the witnesses attested the will, at the request of the testator, in the same room with him, and but a short distance from him. He was lying in bed, his head propped up with pillows, his face turned from the attesting witnesses. Some of them say he did not see them attest the will, as their backs were towards him, and that by turning his head he could have seen them standing there—there was no obstruction intervening between him and them. It has already been stated, and shown by the cases cited, that it is not necessary to prove that the testator actually saw the witnesses subscribe their names—this would, in most cases, be impossible to be shown. It is sufficient, if from their relative position, he could have seen them. If then, the testator, by moving his head on the pillow, could have seen the witnesses subscribe their names to the paper designated by him as his will, it will be an attestation in his presence, within the meaning of the statute. It will be for the jury to determine this fact, also, from the evidence which may be adduced."

The facts in this case are in many respect similar to those considered in Hill v. Barge, supra, except there is no evidence to the effect that the testator did not see the witnesses subscribe their names. We hold that the trial court did not err in admitting the instrument in evidence. The facts in this case are clearly distinguishable from those considered in Green v. Davis, supra, cited by counsel for appellant.

Counsel who represented proponent in the trial of this cause in the circuit court had drawn up the instrument in question and was present at the time it is said to have been executed. He testified at the trial in regard to the circumstances and conditions existing at the time the will was executed and, among other things, stated that he read the will to deceased and after doing so delivered it to deceased to look over. While counsel for proponent was examining the witness William H. Lisby, whose name appeared as a witness to the will, the following occurred:

"Q. Do you remember my reading a will to Mr. Hall? A. Yes.

"Q. Do you remember Mr. Hall stating that that was his will?

"Contestant objects to his leading the witness. Objection overruled. Contestant excepts.

"A. Yes, he said he wanted to make that will.

"Q. Was this will handed to Mr. Hall after that? Do you remember Mr. Hall— A. I think you read the will.

"Contestant moves to exclude that because it is a conclusion and is illegal, irrelevant, incompetent and prejudicial.

"By the Court: Is that your best judgment?

"Well, he did read the will.

"Contestant moves to exclude that because it is illegal, irrelevant, incompetent and is based on surmise and conjecture. Motion overruled. Contestant excepts."

It is argued here that in failing to exclude the statement, "Well, he did read the will," the trial court committed reversible error on the ground that such statement was based on surmise and conjecture. We cannot agree that reversible error is made to appear in this connection. Conceding without deciding that the witness could not state that testator read the will, the record does not conclusively show that he made such a statement. The record is susceptible of the construction that the witness was merely reiterating the statement which he had previously made which was to the effect that counsel had read the will to testator. On appeal, this court cannot presume error. The record must affirmatively show error. Edwards v. Edwards, 249 Ala. 350, 31 So.2d 69.

■ The witness Lisby testified that at the time the instrument was signed he heard the testator talk. He was then asked this question: "And did what he say make sense?" Counsel for contestant objected on the ground that the question called for a conclusion of the witness. The objection was overruled and exception taken. The witness replied, "Yes, he talked with sense." There was no error in this ruling of the court. Hodge v. Rambo, 155 Ala. 175, 45 So. 678. See Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686. We quote from Hodge v. Rambo, supra, 155 Ala. 178, 45 So. 678, 679,

"There was no error in overruling contestants' objections to testimony of witness Montgomery as to conversations with the testator. It does not require an expert to testify as to whether or not *a person talked rationally and that his mind seemed clear*. We also think the witness was well enough acquainted with the testator to testify to facts stated by him. Nor was there error in the refusal of the court to sustain the motion of contestants to exclude the statement of Williams that the testator *'talked rationally.'*" (Emphasis supplied.)

■ The trial court did not err in overruling contestant's objection to the following question propounded to Jones by his counsel: "During all this time you had known him and until the time the will was actually signed, had you made any threats to Mr. Hall and told him you wanted him to sign the will?" This question did not call for a conclusion, but facts. Similar questions are always permitted to be asked in laying a predicate for admission of a confession in a criminal case. Hicks v. State, 247 Ala. 439, 25 So.2d 139. See Smith v. S. H. Kress & Co., 210 Ala. 436, 98 So. 378. The holding in the case of Miller v. Whittington, 202 Ala. 406, 80 So. 499, cited by counsel for appellant, is not apposite. The question in that case called for a conclusion of the witness.

■ Jones' reply to the question set out above was "I never had any idea of such." Counsel for contestant moved to exclude the statement. The action of the trial court in refusing to exclude is assigned as error. If there was error in this ruling we cannot, from an examination of the entire record, say that it probably injuriously affected the substantial rights of the appellant. Supreme Court Rule 45, Rules of Practice in Supreme Court, Code 1940, Tit. 7 Appendix.

■ Jones, the proponent of the will, testified that testator was a man of strong will. This was but a shorthand rendering of facts and had a bearing on the question of undue influence. Houston v. Grisby, 217

103.

Ala. 506, 116 So. 686. After so testifying, he related without objection several instances on which he based the statement that Hall was a man of strong will. The instances which he related occurred several years prior to the time the will was executed. This witness was then asked whether there was anything in testator's condition on January 3, 1950, the day on which the will was executed, that caused witness to change his estimate of testator as being strong-willed. Counsel's general objection was overruled. The witness replied in the negative. The witness's statement in reply to the question was actually nothing more than an expression that on January 3, 1950, the testator was a man of strong will. Reversible error is not made to appear in this ruling. See Watson v. Anderson, 11 Ala. 43.

The rule is that to authorize a nonexpert, who was not a witness to the will, to give his opinion of the existence of an unsound condition of mind of testator, he must not only have the opportunity to form a judgment, but the facts should be stated upon which it is based. The admission of opinion testimony is an exception to the general rule and the ends of justice require in all cases where the opinion of a nonexpert, other than an attesting witness to a will, is sought to show unsoundness of mind, that the facts upon which it is predicated be stated. Tucker v. Tucker, 248 Ala. 602, 28 So.2d 637; Burney v. Torrey, 100 Ala. 157, 14 So. 685; Vaughn v. Vaughn, 217 Ala. 364, 116 So. 427; Lowery v. Lowery, 225 Ala. 376, 143 So. 556. While the questions propounded to the witness Jones on cross-examination seeking to elicit his opinion as to the sanity of testator six or seven months after the will was executed referred to the witness's intimate association with and knowledge of the deceased, no facts had been stated by the witness upon which to predicate his opinion of the condition of the testator's mind.

For this reason, if for no other, the objections to such questions were sustained without error.

The only assignment of error not yet discussed is to the effect that the trial court erred in sustaining the will.

As we have pointed out above, there were three grounds of contest. In brief filed here on behalf of appellant, very little if any argument is made going to show that the trial court erred in its finding to the effect that the will was duly executed and that at the time the will was executed testator possessed the required testamentary capacity. It is strenuously insisted, however, that the trial court erred in finding that the will was not executed as a result of undue influence exerted over testator by Jones.

On the question of "undue influence" we have given the record a full and careful consideration, with the aid of the able brief filed by counsel for appellant. The issue is purely one of fact. This issue was submitted to the trial court upon testimony of witnesses examined orally before the court. The trial court's finding must be accorded all the presumptions of the verdict of a jury. To overturn its judgment we should be clearly convinced that it is wrong and unjust. A discussion of the evidence here would serve no good purpose. Jordan v. Ringstaff, 212 Ala. 414, 102 So. 895.

Considering the evidence set out in the record in connection with the applicable presumption, we cannot say that we are clearly convinced that the judgment of the trial court is wrong and unjust.

The judgment of the trial court is affirmed.

Affirmed.

SIMPSON, STAKELY and MERRILL, JJ., concur.