**Annie HOLT et al., Appellants,**

v.

**H. A. HEDBERG et al., Appellees.**

No. 15941.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 26, 1958.

Ratliff & Ratliff, Haskell, Woodruff & Woodruff, and W. B. Woodruff, Jr., Decatur, for appellants.

Charles L. Morgan, Fort Worth, for appellees.

BOYD, Justice.

This suit was filed by Annie Holt; Ruth Anthony and husband, W. W. Anthony; Ethel Bounds; Edna May Wines and husband, H. H. Wines; Mineola McDaniel and husband, W. G. McDaniel; and H. A. Holt against H. A. Hedberg; C. S. Longcope; E. M. Longcope, Jr.; Malvern Marks; John R. Thompson; H. H. Durston; Patricia Ann Lippman and husband, Edwin J. Lippman; and Christie, Mitchell and Mitchell Company, a corporation, to cancel a mineral deed executed by Elmo Holt and wife, Annie Holt, to Manning Oil Corporation, on the ground that at the time of its execution Elmo Holt was insane and without mental capacity to make a valid deed. Annie Holt is the surviving wife of Elmo Holt; Ruth Anthony, Ethel Bounds, Edna May Wines, Mineola McDaniel and H. A.

Holt are the only children of Elmo and Annie Holt. The defendants are sub-vendees under the deed in question. On a trial to a jury, the court instructed a verdict for the defendants and rendered judgment that the plaintiffs take nothing. The plaintiffs have appealed.

On March 22, 1924, Elmo Holt was by the County Court adjudged to be a person of unsound mind and was committed to an asylum. There was evidence that he was in an asylum a time or two before the adjudication by the County Court. He stayed in the institution less than a year after his formal commitment. On May 28, 1930, the deed in question was executed and it was filed for record on June 12, 1930. On August 20, 1941, the County Court, under Articles 4282, 4283 and 4284, R.C.S.,[1] tried the issue as to whether Elmo Holt had been restored to his right mind and found that he had been so restored and "is a person of sound mind." He died on March 7, 1953. This suit was filed on April 24, 1957.

Among other defenses, appellees plead the four year statute of limitation.

The following articles of Vernon's Ann. Civ.St. provide:

Article 5529: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

Article 5535: "If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married woman, a person imprisoned or of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

Article 5544: "The period of limitation shall not be extended by the connection of one disability with another; and, when the law of limitation shall begin to run, it shall continue to run, notwithstanding any supervening disability of the party entitled to sue or liable to be sued."

Notwithstanding appellants' additional prayer for removal of cloud from title, this is essentially a suit to cancel a deed, and we think the four year statute of limitation applies to such a suit. Neill v. Pure Oil Co., Tex.Civ.App., 101 S.W.2d 402, writ refused; Thomas v. Texas Osage Co-op Royalty Pool, Tex.Civ.App., 248 S.W.2d 201.

We agree with appellants that the question is whether, under the circumstances here presented, the 1941 County Court judgment was conclusive, in this suit, of Elmo Holt's actual restoration to sound mind, such as to start the running of the four year statute of limitation.

It seems to be the rule that judgments of insanity or restoration are conclusive as to the status of parties in that respect at the time of their rendition.

"Such an adjudication (of insanity) is conclusive of the mental condition of the person as of the time to which it relates, * * *." 24A Tex.Jur., p. 487, sec. 19.

"An adjudication of insanity is conclusive evidence of insanity existing at time of adjudication. Fugate v. Walker (1924) 204 Ky. 767, 265 S.W. 331; Houston v. Grigsby (1928) 217 Ala. 506, 116 So. 686; Akin v. Akin (1926) 163 Ga. 18, 135 S.E. 402; [In] Re Brobst ['s Estate] (1920) 112 Misc. 66, 182 N.Y.S. 532; Schall v. Irwin (1923) 120 Misc. 573, 199 N.Y.S. 141." Annotation, 68 A.L.R., p. 1313.

"The rule seems to be well settled, however, after the judgment of the court having inquisitorial jurisdiction, as in insanity cases, that the judgment is conclusive of the

1. Now V.A.T.S.Probate Code, § 426.

mental condition or status of the party at the time of its rendition, * * *." Witty v. State, 69 Tex.Cr.R. 125, 153 S.W. 1146.

"A judgment (finding that Inman had been restored to sound mind) as recited in the special charge quoted was read in evidence, and plaintiffs in error insist that they had the right to rely implicitly upon such judgment as establishing J. C. Inman's sanity. We think it must be held, however, that the judgment was conclusive only of J. C. Inman's status at the time the judgment was rendered." Mitchell v. Inman, Tex.Civ. App., 156 S.W. 290, 292, writ refused.

"The facts are undisputed that Charles J. Starnes was restored to sanity by order of the County Court of Smith County July 11, 1928. The jury found upon sufficient facts that the deed from plaintiffs to defendant Campbell was executed and delivered to Campbell after the rendition of the judgment declaring Charles J. Starnes restored to sanity. In the instruction given in connection with special issue No. 4, copied above, the trial court assumed, as he had a right to do from the undisputed evidence, that Charles J. Starnes was of sound mind on the date of the judgment restoring him to sanity. In the absence of an attack on said judgment, and there was none in this case, the presumption of sanity became conclusive on the date of its rendition." Starnes v. Campbell, Tex.Civ.App., 119 S. W.2d 116, 117. To the same effect is Tipton v. Tipton, Tex.Civ.App., 140 S.W.2d 865.

While there may have been sufficient evidence to raise an issue as to Elmo Holt's sanity between the date of the judgment of restoration and his death, it is our opinion that it was conclusively determined by that judgment that he was a person of sound mind at that time; and, if so, the statute of limitation began then to run, and its running would not be interrupted by a change in his mental condition after the time of such judgment.

The judgment of the trial court is affirmed.